Outtrin *v.* Graves.

recollected he was examined upon oath, and that a deviation from the truth, upon that examination, involved the legal as well as the moral guilt of perjury. Taking what the respondent there stated to be true, he certainly was grossly negligent in the management of his property and affairs, and in the contract-ing of debts, by endorsing for strangers, or for men without visible means of payment. But after all, I cannot bring my mind to the conclusion that he is improvident to such a degree as to render him incompetent to discharge the duty of an administrator.

The decision of the surrogate must therefore be affirmed. But this being a new question, under the provisions of the revised statutes, and the examination of the respondent before the recorder furnishing very considerable evidence of improvidence, I do not think it is a proper case to charge the appellant with costs upon this appeal.

## OUTTRIN *vs.* GRAVES, committee, &c.

Where a bill was filed against the committee of a lunatic, to correct an alleged error in the amount of a mortgage, taken by the committee upon the sale of the lunatic's estate under an order of a vice chancellor, and such bill was dismissed upon the merits, and where the mortgagor had appealed from the decision, which appeal was still pending, the chancellor refused to grant an injunction to restrain the committee from proceeding to foreclose the mortgage under the statute.

It is not necessary for a purchaser from a committee, under an order of the court of chancery, to file a bill to obtain an equitable deduction from a security taken upon the sale; but the court may give relief upon a summary application.

But a committee who has consented to have the rights of the parties litigated upon a bill filed, cannot afterwards object that he had been proceeded against, in that manner, without leave of the court by which he was appointed.

Where the committee of a lunatic is sued by bill, when the right of the adverse party might have been settled upon a summary application to the court, it may be a good reason for refusing costs to the complainant, although he succeeds in the suit.

THIS was an application, on the part of the complainant, for an injunction or order restraining the defendant from proceeding

at law to foreclose a mortgage, according to the statute, under the following circumstances. In 1839, R. H. Nicholas was the committee of the estate of R. Nicholas, his father, who had been found an habitual drunkard; upon a commission granted by the vice chancellor of the fifth circuit. In the latter part of November, of that year, the committee obtained an order authorizing the sale of the real estate of his father, consisting partly of freehold and partly of leasehold lands; but requiring the committee to report the particulars of the sale to the vice chancellor, for his confirmation, before the conveyance was executed. The free hold land was described in the deed thereof to R. Nicholas, the drunkard, as 155 acres; out of which, forty acres had been subsequently sold to his son. And in the negotiation with the complainant, for the sale to him, the committee stated the freehold land to contain 115 acres. The complainant offered to give, for the whole premises, at the rate of $24 an acre for the freehold lands only; and the leasehold were to be thrown in without any additional compensation. This offer was accepted, and a written contract was entered into and signed, by the complainant and the committee, for a sale of the leasehold and freehold lands together, at the price of $2760. Of this sum $140C was to be paid upon the execution of the conveyance, and th residue was to be secured by bond and mortgage. The agreement was reported to the vice chancellor, and confirmed; and a deed was executed accordingly. The complainant paid the $1400, and gave his bond and mortgage for the payment of $1360, with annual interest; the principal to be paid in four yearly payments, commencing on the first of January, 1842. The complainant alleged that it was a part of the agreement that he was only to pay for the number of acres of freehold lands actually contained in the farm, at the rate of $24 per acre; and that upon an actual survey thereof, in 1842, it appeared there were but 104 acres and a half. The defendant in the present suit, a substituted committee, having filed a bill before the vice chancellor to foreclose the mortgage, for the non-payment of the instalments which had then become due, the bill in this cause was filed against him and the former com-

mittee; charging the latter with fraud, in procuring the contract, by falsely representing the lot to contain 115 acres, when he knew it contained less, and praying to have the bond and mortgage cancelled upon payment of what would be due after deducting therefrom the amount included therein for the ten acres and a half which the lot fell short of 115 acres. A stipulation was subsequently entered into, between the complainant in this suit and the committee, by which it was agreed that the former should pay the costs of the foreclosure suit, and so much of the instalment which had become payable as was admitted by the complainant to be then equitably due upon the bond and mortgage, and that the foreclosure suit should be discontinued; it being declared in such stipulation to be the intention of the parties to have all their rights settled in this cross suit. That arrangement was carried into effect, and the foreclosure suit was discontinued.

This suit was subsequently proceeded in, and the bill was dismissed by the vice chancellor, as to the former committee. The substituted committee put in an answer, and the cause was heard upon pleadings and proofs, as to him. And the vice chancellor subsequently made a decree dismissing the complainant's bill as to the substituted committee also, but without costs. From that decree the complainant appealed to the chancellor; which appeal was still pending when this application was made.

*O. L. Barbour*, for the complainant.

*N. F. Graves*, for the defendant.

THE CHANCELLOR. The application for an injunction to stay the sale of the mortgaged premises, under the statute foreclosure, must be denied. Without going into the merits of the case upon the appeal, the presumption is that the decision of the vice chancellor was correct, and that the complainant had no legal or equitable claim to a decree in his favor, in this suit. This court therefore cannot, in this summary way, review the decision of the vice chancellor, and grant an injunction to stay

Outtrin v. Graves.

the defendant's proceedings upon the statute foreclosure. The only course for the complainant is to pay the balance which is due upon the bond and mortgage, and the costs of foreclosure; and run the risk of recovering it back from the committee, in case he succeeds upon the appeal. And if he has any valid claim to stay the committee from parting with the proceeds of the bond and mortgage, or so much thereof as may be necessary to meet the anticipated decree in his favor upon the appeal, his remedy must be by a summary application to the vice chancellor, by whom the committee was appointed, for an order to stay, in the hands of such committee, so much of the fund as may be necessary to meet the anticipated deduction, in case the complainant succeeds upon his appeal.

Indeed it was not necessary to file a bill, for the purpose of obtaining an equitable deduction from the amount apparently due upon the bond and mortgage, if any error had occurred therein, either by the fraud of the former committee, or otherwise. For as the committee was the mere officer or agent of the court in making the sale of the estate of the drunkard, the vice chancellor by whom the committee was appointed, was authorized, upon a mere petition of the purchaser, to ascertain and decide the question as to the validity of his claim to relief. And the facts of the case, if disputed, could have been ascertained by a reference to a master. The committee, however, after consenting to have the rights of the parties litigated in this suit, could not, at the hearing, object that the complainant had proceeded against him by bill, without the previous leave of the court, instead of applying to the vice chancellor, by petition, to direct the committee to make such deduction from the bond and mortgage as might be just and equitable, under the circumstances of the case. But the objection that the complainant had adopted the more expensive course of a proceeding by bill, instead of making a summary application to the vice chancellor, by petition, might have been a good ground for refusing him his costs in the suit; if he had succeeded in obtaining a deduction from the amount claimed to be due upon the bond and mortgage.

The application for the injunction must be denied with $12

costs. But it must be without prejudice to the right of the peti-
tioner to make such an application to the vice chancellor as he
may be advised is proper, to stay the committee from paying
away the moneys, which may be received by him upon the bond
and mortgage, until after the decision of the chancellor upon
the appeal from the decree.