(51 Misc. 538)
### MEEKS v. MEEKS.

(Supreme Court, Special Term, Kings County. October 22, 1906.)

1. TRUSTS—ACCOUNTING BY TRUSTEE—JURISDICTION OF COURTS.

    Code Civ. Proc. § 2481, subd. 11, authorizes the Surrogate's Court to exercise such incidental powers as may be necessary to carry out powers expressly conferred. Section 2808 provides that a testamentary trustee may be called to account by petition in the Surrogate's Court by any person interested in the execution of the trust, and by section 2514, subd. 11, a "person interested" is any one entitled to share in the estate, except a creditor. An executrix sued an executor and trustee for an accounting on the ground that defendant had wrongfully retained income bequeathed to plaintiff's testator, and it appeared that defendant had accounted in the Surrogate's Court, and that his account had been there settled. *Held*, that the complaint would be dismissed, as the matters were properly cognizable in the Surrogate's Court.

    [Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 417.]

2. INSANE PERSONS—ACTIONS—LEAVE TO SUE.

    In proceedings for the settlement of the account of an executor and testamentary trustee, citation having been duly served on an incompetent, who was a necessary party, and on his committee, and the committee having appeared by counsel, the decree was valid, though permission was not obtained from the Supreme Court to make the incompetent a party or to serve him with citation.

    [Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Insane Persons, § 157.]

Suit by Catherine L. Meeks, as executrix of the will of W. Meeks, Jr., against Edwin B. Meeks, individually, and as executor of W. Meeks, Sr., deceased. Complaint dismissed.

See 84 N. Y. Supp. 67.

Ketcham & Owens (James M. Gray, of counsel), for plaintiff.
Lewis L. Delafield and Eugene D. Hawkins, for defendants.

KELLY, J. The plaintiff sues to obtain an accounting by the defendant as executor and trustee under the will of Joseph W. Meeks,

Sr. She alleges that there is money due the estate which she represents, from the estate represented by the defendant, being a part of the income bequeathed to Meeks, Jr., in the will of his father, the defendant's testator. She claims that the defendant has wrongfully retained part of this income, applying it to payment of an existing debt from the son to the father, the validity of which debt she wishes to contest. And it appearing that the defendant has accounted in the Surrogate's Court of Suffolk County from time to time, and that in 1893 a decree was entered in that court judicially settling the defendant's accounts as executor and trustee, she asks that the decree be set aside because, she alleges, her testator, Meeks, Jr., was not properly before the court. She alleges that Meeks, Jr., was adjudged incompetent, and that the late Wilmot M. Smith, afterwards a justice of this court, was appointed committee of his person and property. And although the citation in the accounting proceeding was served upon the incompetent and upon his committee, and although the committee appeared and answered in the proceeding, the plaintiff avers that the Surrogate's Court was without jurisdiction, because, she claims, permission should have been obtained from the Supreme Court to make the incompetent a party to the accounting proceeding as well as to serve him with the citation. And plaintiff also asks that certain consents and receipts filed in the accounting proceedings be declared void. Aside from the relief prayed for against the decrees already entered in the Surrogate's Court, plaintiff asks for an accounting by the defendant as executor and trustee since the date of the last account filed in the Surrogate's Court. This suit coming on for trial, the plaintiff's counsel opening and offering in evidence the surrogate's decree of February 27, 1893, the defendant executor moves upon the opening, which is a part of the record and the proof, that the complaint be dismissed, on the ground that the matters involved are properly cognizable in the Surrogate's Court, and that, while this court has jurisdiction, it should not exercise jurisdiction on the facts as they now appear.

Examination of the briefs presented by the parties convinces me that the views expressed on the trial are correct. I think the Surrogate's Court can afford the plaintiff full relief, and that the Surrogate's Court is the proper tribunal to pass upon the plaintiff's grievances. The limitations upon the powers of the Surrogates' courts, which exited for many years, and which prevented that court from giving complete and perfect relief in the cases cited by the learned counsel for the plaintiff, have been largely removed. That court now has, by express provision of the statute, the authority to exercise such incidental powers as are necessary to carry into effect the powers expressly conferred (Code Civ. Proc. § 2481, subd. 11), and, even prior to the code, the surrogate had power to vacate decrees on account of fraud or irregularity (matter of Henderson, 33 App. Div. 545, 53 N. Y. S. 957, citing Sipperley v. Baucus, 24 N. Y. 46, In re Brick's Estate, 15 Abb. Prac. 12, Dobke v. McClaran, 41 Barb. 491, and Campbell v. Thatcher, 54 Barb. 382). It would seem that the question whether an executor and trustee has paid over the whole or only part of a legacy claimed by a beneficiary was clearly within the power of the surrogate to determine, and, if there are irregulari-

ties or fraud at the base of a decree, the surrogate can apply the remedy. I think the Surrogate's Court is the proper tribunal in which to take the defendant's account since the period covered by the decree of 1893. The plaintiff, as a person interested in the execution of the trust (Code, § 2514, subd. 11), can institute a proceeding in the Surrogate's Court to compel the accounting (Code, § 2808).

While I think the question of the regularity of the decree of 1893 should be presented to the Surrogate's Court, I also think the objection urged against the jurisdiction of that court is not sound. Where a party has been declared an incompetent, and this court has appointed a committee of his person and estate, and an accounting proceeding is brought in the Surrogate's Court relative to property in which the incompetent, as well as others, is interested, I do not think it is necesssary to apply to this court for permission to serve the citation. The propriety of the accounting proceeding is determined by statute. The incompetent is concededly a necessary party. And his rights are under the protection of the court through the committee. Where the citation was duly served on the incompetent and on the committee, and where the committee appeared by counsel, I think the decree is valid. Even though the permission to sue was a desirable preliminary, the failure to obtain it was merely an irregularity which could be cured or waived at any stage of the proceeding. Le Fevre v. Matthews, 39 App. Div. 232, 57 N. Y. Supp. 128. Even in cases where the process was served upon the incompetent, and judgment was obtained without the knowledge of the committee, the proceedings have been sustained; the court holding that they are not only binding, but that they "are not even irregular or erroneous." Crippen v. Culver, 13 Barb. 424; Sternbergh v. Schoolcraft, 2 Barb. 153. And there is nothing in the case presented here, where it appears that the rights of the incompetent were cared for by his committee, an eminent lawyer, represented by learned counsel, which calls for action by this court after the lapse of 13 years, to interfere with the surrogate's decree.

I conclude, therefore, that this case presents the same situation as in Borrowe v. Corbin, 31 App. Div. 172, 52 N. Y. Supp. 741, affirmed 165 N. Y. 634, 59 N. E. 1119. In that case Mr. Justice Joseph F. Daly refused to proceed with the case in equity and dismissed the complaint, holding that the Surrogate's Court had jurisdiction in the premises, and that, while this court had jurisdiction, it would, on the facts presented, decline to exercise it, remitting the parties to the surrogate.

It follows that the complaint should be dismissed.