FRANCIS DEAN, Appellant, *v.* EMILY HALLIBURTON, as
Administratrix with the Will Annexed of the Estate
of WILLIAM S. HALLIBURTON, Deceased, Respondent.

Incompetent persons — practice — trial — evidence — execu-
tors and administrators — action which will affect property
of non-resident incompetent, a committee of which has been
appointed in this State, cannot be brought without consent
of court — committee, at its request, may be substituted as
defendant — order tantamount to permission to begin action
— committee has full power to conduct defense — may waive
protection of section 347 of Civil Practice Act and consent that
plaintiff testify to what passed between him and incompetent
— after death of lunatic administratrix may object to such
testimony of plaintiff at new trial — testimony, however, taken
at former trial may be read in evidence — administratrix
bound by stipulation of committee to the extent of precluding
her from objecting to reading of testimony.

1. Where a resident of a foreign State has been adjudged an
incompetent in the place of his domicile and a committee of his
property has been appointed in this State, an action which will affect
his property here cannot lawfully be brought without the consent
of the court.

2. Though the court is bound to dismiss an action brought without
such permission, if the committee asks to be substituted as defendant
because the interests of the incompetent will be promoted by prompt
litigation of the claim against him, the court in the exercise of a sound
discretion has power to order such substitution which order is tanta-
mount to permission to begin the action against the committee.

3. A committee properly substituted as defendant has full power
to conduct the defense in such manner as in its opinion will best serve
the interest of the incompetent, and, where a situation arises in which
possible benefit to be derived from insistence upon a general rule
enacted for the protection of the estate of an incompetent is out-
weighed by detriment which under the special circumstances may
result, the committee has power to abandon the advantage created
by law in order to obtain a greater advantage.

4. A committee, therefore, who under advice of counsel believes
that opportunity to cross-examine the plaintiff will be of advantage
to the incompetent, may with permission of the court, enter into a

stipulation waiving the provisions of section 347 of the Civil Practice Act and consenting that the plaintiff may testify to what passed between him and the incompetent.

5. After the death of the lunatic, however, and upon a subsequent trial, his administratrix, who has been substituted as defendant, may object to the testimony of the plaintiff upon ground which did not exist at the first trial and which the stipulation did not, by fair intendment, cover, viz., that his testimony is incompetent because offered against the administratrix of the decedent.

6. But, even though by such objection the administratrix can bar the examination of the plaintiff upon the new trial, yet by the provisions of section 348 of the Civil Practice Act, the testimony of the plaintiff taken at the former trial may be read in evidence subject to "any other legal objection to the competency of the witness." The present defendant is bound by the stipulation made by the committee to the extent that it precludes an objection to the reading of the testimony given by the plaintiff upon a former trial, on the ground that plaintiff was not competent to testify concerning personal transactions with a lunatic.

*Dean v. Halliburton,* 213 App. Div. 831, reversed.

(Argued October 5, 1925; decided December 1, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 5, 1925, which affirmed an order of Special Term granting a motion to vacate a stipulation in the action.

The questions certified are stated in the opinion.

*Guy O. Walser* for appellant. The committee had power to make the stipulation in question. (*Dunham* v. *Fitch,* 48 App. Div. 321; *McKernan* v. *Robinson,* 84 N. Y. 105; *Matter of Mele,* 94 Misc. Rep. 555; *Austin* v. *Dunham,* 65 Maine, 533; *Scribner* v. *Young,* 111 App. Div. 814; *Matter of Otis,* 101 N. Y. 580; *Pharis* v. *Gere,* 110 N. Y. 336; *Hine* v. *N. Y. Elev. R. R. Co.,* 3 Misc. Rep. 462; *McAuliffe* v. *N. Y. C. & H. R. R. R. Co.,* 172 App. Div. 597; *Zeiser* v. *Cohn,* 207 N. Y. 407; *Matter of Del Genovese,* 183 App. Div. 200; *Matter of Reynolds,* 97 Misc. Rep. 555.) The present defendant is bound by

the stipulation made by the committee. (*Austin* v. *Dunbar*, 65 Maine, 533.) The institution of the action against Halliburton was not inhibited. (*Allison* v. *Campbell*, 21 N. C. 152; *Clark* v. *Dada*, 183 App. Div. 253; *N. Y. Eve. Post* v. *Chaloner*, 265 Fed. Rep. 204, 216; *Barker* v. *Washburn*, 200 N. Y. 280; *Chanler* v. *Sherman*, 162 Fed. Rep. 19; Wharton on Confl. of Laws, §§ 122, 669; *Carter* v. *Burrell*, 80 App. Div. 395; *Mc Kernan* v. *Robinson*, 84 N. Y. 105; *Dunham* v. *Fitch*, 48 App. Div.•321; *Kent* v. *West*, 16 App. Div. 496; *Smith* v. *Keteltas*, 27 App. Div. 279.) The trial court had power to substitute the committee. (*Carter* v. *Burrell*, 80 App. Div. 395; *Kent* v. *West*, 16 App. Div. 496; *Dunham* v. *Fitch*, 48 App. Div. 321; *Grant* v. *Humbert*, 114 App. Div. 462; *Mc Kernan* v. *Robinson*, 84 N. Y. 105; *Goldstein* v. *Schlaefer*, 209 App. Div. 899; *Feizi* v. *Second Russ. Ins. Co.*, 199 App. Div. 775; *Matter of P. S.* v. *Bklyn. H. R. R. Co.*, 105 Misc. Rep. 254; *People ex rel. Newton* v. *Sp. T. Pt. I*, 193 App. Div. 463; *People ex rel. City of N. Y.* v. *Nichols*, 79 N. Y. 582.)

*John G. Jackson* and *Stephen P. Nash* for respondent. The plaintiff could not lawfully sue Halliburton in New York, after he had been judicially declared insane in North Carolina and his committee had been appointed in New York, without consent of court. (*Pharis* v. *Gere*, 110 N. Y. 336; *Matter of Otis*, 101 N. Y. 580; *Carter* v. *Beckwith*, 128 N. Y. 312; *People ex rel. Smith* v. *Commissioners*, 100 N. Y. 215; *Grant* v. *Humbert*, 114 App. Div. 462; *Pogue* v. *Todd*, 111 Misc. Rep. 296; *Matter of Hopper*, 5 Paige, 489; *Matter of Heller*, 3 Paige, 199; *Smith* v. *Keteleas*, 27 App. Div. 279; *Williams* v. *Estate of Cameron*, 26 Barb. 172.) The trial court had power to substitute the committee upon the trial. Nor was such substitution tantamount to permission to begin the action against the committee. (*Matter of Hopper*, 5 Paige, 489; *Matter of Heller*, 3 Paige, 199; *Carter* v. *Beckwith*, 128

N. Y. 312; *Grant* v. *Humbert,* 114 App. Div. 462; *Pogue* v. *Todd,* 111 Misc. Rep. 296; *Smith* v. *Ketellas,* 27 App. Div. 279; *Williams* v. *Estate of Cameron,* 26 Barb. 172; *Carter* v. *Burrell,* 80 App. Div. 395; *Prentiss* v. *Cornell,* 31 Hun, 168.) The committee had no power to make the stipulation in question. (*Pharis* v. *Gere,* 110 N. Y. 336; *Matter of Otis,* 101 N. Y. 580; *Carter* v. *Beckwith,* 128 N. Y. 312; *People ex rel. Smith* v. *Commissioners,* 100 N. Y. 215; *Grant* v. *Humbert,* 114 App. Div. 462; *Scribner* v. *Young,* 111 App. Div. 814; *Pogue* v. *Todd,* 111 Misc. Rep. 296; *Matter of Hopper,* 5 Paige, 489, 490; *Cochran* v. *Cochran,* 277 Ill. 244; *Cartwright* v. *Wise,* 14 Ill. 417.) The present defendant administratrix is not bound by the stipulation made by the committee. (*Grattan* v. *Met. L. Ins. Co.,* 92 N. Y. 274; *Murphy* v. *McMahon,* 179 App. Div. 837; *Stemmler* v. *Mayor, etc., of New York,* 179 N. Y. 473; *People* v. *Bloom,* 193 N. Y. 1.)

Lehman, J. In May, 1922, the plaintiff attempted to begin this action against William S. Halliburton. The record before us indicates, though not very clearly, that Halliburton had previously been adjudged an incompetent by a court in the State of North Carolina where he resided, and in January, 1921, the Supreme Court of the State of New York appointed Emily Halliburton and the Farmers Loan and Trust Company as committee of the property of Halliburton in this State. No leave of the court was granted to this plaintiff before bringing this action and apparently the plaintiff either did not know that a committee had been appointed of Halliburton's property or chose to ignore that fact. An answer in behalf of Halliburton was interposed by attorneys of standing and the answer contains no suggestion that he had been adjudged an incompetent.

The issues raised by the pleadings were brought to trial in January, 1923. At the close of the plaintiff's case, when it appeared that Halliburton had been adjudged

incompetent and a committee of his property had been appointed, the trial judge was about to dismiss the complaint but the committee then offered to appear and consented to amendment of process and pleading so that it might be substituted as defendant in place of Halliburton. The trial judge permitted the substitution and directed that the action proceed against the substituted defendant.

To establish his cause of action the plaintiff had testified to personal transactions with Halliburton. That testimony was incompetent under the provisions of section 347 of the Civil Practice Act in an action against Halliburton's committee and was for that reason stricken out. The committee thereafter stated to the trial judge that it desired to examine the plaintiff and that the " ends of justice would be served " if the trial judge would permit them to waive the provisions of section 347 of the Civil Practice Act and recall the plaintiff for cross-examination. After some discussion the trial judge agreed to permit the committee to waive the provisions of the Civil Practice Act if such waiver was given by the committee personally in open court or by execution of formal written instrument. On the following day a formal written waiver which stated that the committee " do here and now waive the provisions of section 347 of the Civil Practice Act; they agree that the plaintiff may testify to what passed between him and William S. Halliburton; they agree that in no form and in no forum will they question the competency of said evidence and appear now in open court to make this waiver on condition that the plaintiff may be cross-examined and the committee consent to the withdrawal of objection heretofore made to the admissibility of the evidence."

The parties acted upon this stipulation. The plaintiff was cross-examined and the issues submitted to the jury but the jury disagreed. There have been two subsequent trials resulting in judgments for the plaintiff which have

successively been reversed. At both the subsequent trials the waiver was introduced as an exhibit and relied upon by all parties. After the last trial Halliburton died and Emily S. Halliburton, who had been one of his committee, was appointed administratrix c. t. a. of his goods, chattels and credits and substituted for the committee as defendant in the action. As such administratrix she moved to vacate and set aside the stipulation in which she had joined as one of the committee, alleging that it was " improvidently made." Her motion was granted and the order vacating the stipulation was affirmed by the Appellate Division " upon the law and not in the exercise of discretion."

The Appellate Division has granted leave to appeal, certifying five questions to us:

" 1. Did the committee have power to make the stipulation in question?

" 2. Is the present defendant administratrix c. t. a, bound by the stipulation made by the committee?

" 3. Could the plaintiff lawfully sue Halliburton in New York after he had been judicially declared insane in North Carolina and his committee had been appointed in New York, without consent of court?

" 4. Halliburton having been sued under the circumstances stated in the last question, did the trial court have power to substitute his committee upon the trial?

" 5. Was such substitution tantamount to permission to begin the action against the committee? "

We will consider the third, fourth and fifth questions first, since our answers to these questions must to some extent influence our decision of the other questions. We are agreed that after Halliburton had been adjudged an incompetent in North Carolina and a committee of his property had been appointed in New York, an action which would affect his property here could not lawfully be brought without the consent of the court. The third question must, therefore, be answered in the negative.

Though the court was bound to dismiss an action brought without such permission when the relevant facts were brought before it, it seems clear that if the committee asked to be substituted as defendant because the interests of the incompetent would be promoted by prompt litigation of the claim against him in the pending action, the court in the exercise of a sound discretion had power to order such substitution and a substitution so ordered was tantamount to permission to begin the action against the committee. Rules of law intended for the protection of an incompetent or his estate or of an officer of the court should be applied in accordance with their spirit and purpose. It follows that the fourth and fifth questions must be answered in the affirmative.

Since the committee was properly substituted as defendant it had full power to conduct the defense in such manner as in its opinion would best serve the interest of the incompetent. Though it might perhaps not have power to abandon rights of the incompetent without ground for belief that through such abandonment it gained for the incompetent corresponding advantage, yet where a situation arises in which possible benefit to be derived from insistence upon a general rule enacted for the protection of the estate of an incompetent is outweighed by detriment which under the special circumstances may result, there must be room for exercise of discretion and for choice by the committee. In the present case the committee believed that opportunity to cross-examine the plaintiff would be of advantage to the incompetent. Objection to the competency of the plaintiff to testify in his own behalf was sustained. Plaintiff's testimony was excluded and that course made cross-examination of the plaintiff by the defendant impossible. Believing that in this result the balance of advantage was against the incompetent the committee under advice of counsel and with permission of the court made the stipulation. Under such circumstances the committee

had power to abandon an advantage granted by law in order to obtain a greater advantage. The first question must, therefore, be answered in the affirmative.

The stipulation made at the trial was intended to waive the objection to the competency of the evidence that under section 347 the plaintiff as an interested party might not be examined concerning personal transactions with a lunatic in an action brought against the committee of the lunatic. Since that time the alleged lunatic has died; and though in form the waiver is not confined expressly to those provisions of section 347 which would at that time have constituted valid objection to plaintiff's testimony, it is plain that the committee never intended, and perhaps could not, waive the right of the lunatic's personal representatives, if thereafter the lunatic died, to object upon a new trial to the competency of the plaintiff, under the provisions of the same section, to testify to personal transactions with the decedent. It is unnecessary, therefore, to determine whether or not, if the lunatic had not died, the stipulation would still be effective upon a new trial and render competent testimony of the plaintiff as to personal transactions with the lunatic. After the death of the lunatic the administratrix may object to the testimony of the plaintiff upon ground which did not exist at the first trial and which the stipulation did not, by fair intendment, cover, viz., that his testimony was incompetent because offered against the administratrix of the decedent.

Even though by such objection the administratrix could bar the examination of the plaintiff upon a new trial after the death of the lunatic, yet by the provisions of section 348 of the Civil Practice Act, the testimony of the plaintiff taken at the former trial may be read in evidence at a new trial subject to "any other legal objection to the competency of the witness." At the earlier trial the testimony of the plaintiff was incompetent except as incompetency was removed by express stipula-

tion and waiver. Through that stipulation the plaintiff became a competent witness. Unless that stipulation is vacated and all effect denied to it, *ab initio*, it cannot be said that the plaintiff was not a competent witness at the earlier trial and the defendant as administratrix is to that extent bound by it. It follows that the answer to the second question should be: " The present defendant is bound by the stipulation made by the committee to the extent that it precludes the objection to the reading of the testimony given by the plaintiff upon a former trial, on the ground that plaintiff was not competent to testify concerning personal transactions with a lunatic."

Since the order of the Appellate Division recites that the court did not " review the discretion exercised by the justice at Special Term," the answers to the certified questions can result in a reversal of the order of Special Term only if in fact they leave no room for the exercise of any discretion. It is not claimed that the stipulation was obtained by fraud or wrong on the part of the plaintiff. The defendant claims only that it was " improvidently made; " but it was made under advice of counsel of experience, in the presence of the judge. The committee asked permission to make this stipulation because it desired to examine plaintiff as a witness and naturally preferred cross-examination to examination in chief of an adverse party. The stipulation has been fully acted upon and the committee has obtained through it the advantage it sought for the incompetent it represented. In return the plaintiff was made a competent witness and his testimony was properly admitted. If the plaintiff was a competent witness at that trial, his testimony may be read in evidence upon a new trial. Though the administratrix of the deceased lunatic derives no rights from the committee, she represents the estate of the lunatic in place of the committee and she may not be permitted to assert in behalf of the deceased lunatic upon a new trial objection to competency of a witness which was effectively waived

by the committee, nor should the court by its fiat render testimony incompetent which by stipulation given under these circumstances was made competent against the committee. The defendant has shown no ground upon which the exercise of a judicial discretion may be invoked.

The orders of the Special Term and Appellate Division should be reversed, with costs in all courts, and motion denied, with ten dollars costs, and questions answered as stated in opinion.

McLaughlin, J. (dissenting). The appeal should be dismissed since the answers to the questions certified will not be decisive of the appeal. (*Schieffelin* v. *Hylan,* 229 N. Y. 633.)

The appeal should be dismissed. The Appellate Division did not pass on the question of whether the discretion of the Special Term was properly exercised. On the contrary, it affirmed as a matter of law and stated it " does not review the discretion exercised by the justice at Special Term but affirms the order upon the law."

The stipulation is not binding upon the administratrix. She, as administratrix, was not a party to the action when the stipulation was made. As administratrix, she derives no rights whatever from the committee. She represents the deceased lunatic's estate and can make no admission which depletes or diminishes that estate. It is her duty, as administratrix, to preserve and protect it. The fact that she, as one of a committee of the lunatic's property in the State of New York, entered into a stipulation upon the first trial is not binding upon her as administratrix in a subsequent trial. She has the legal right to interpose, on a subsequent trial, any objection legally necessary to protect the lunatic's estate. The committee of the property of the lunatic in the State of New York was a committee with limited powers. It was a representative of the court to take charge of and preserve such property. It could not make an

admission or a stipulation binding for all time upon one not a party to the action. When she was appointed administratrix she was obligated and it was her duty to protect the lunatic's estate, and any admission theretofore made, either by stipulation or otherwise, by the committee of the property is not binding upon her in any respect, nor does it enable her to permit a claim against the estate she represents to be established by incompetent evidence.

For the foregoing reasons, I dissent and vote to dismiss the appeal.

HISCOCK, Ch. J., CARDOZO, POUND and CRANE, JJ., concur with LEHMAN, J.; MCLAUGHLIN, J., dissents in opinion, in which ANDREWS, J., concurs.

Orders reversed, etc.