In the Matter of the Estate of FANNIE COHEN, Deceased.*

Surrogate's Court, New York County, August 5, 1941.

*Benjamin Koenigsberg,* for the petitioner.

*Paul M. Klein,* for the respondent.

DELEHANTY, S. In this discovery proceeding only one substantial question of law is presented. This concerns the effect upon the operation of section 347 of the Civil Practice Act of a waiver of such section made by an estate representative on a former trial. In the first trial of this proceeding the attorney for the estate representative announced that at the time of the trial he had not been able to procure other evidence in support of his proceeding

---

* Affd., 263 App. Div. 938.

and so was constrained to call the respondent. The respondent was examined at large on that trial as a witness for the estate. Such examination adduced testimony of the respondent as to personal transactions of his with deceased and communications by him to deceased and from the deceased to him.

On the retrial the respondent was called in his own behalf and sought to give like recital of his transactions with deceased. Objection was made that his testimony was barred by section 347 of the Civil Practice Act. Respondent's counsel urged that the calling of the respondent as a witness on the first trial constituted a waiver of the section operative in the present trial. The court ruled otherwise and sustained the objection to the proffered testimony on the ground that the respondent was incompetent to give it.

It is the general rule that a waiver or concession is operative only in the trial in which it is made. Specifically it has been held in this State that the waiver of a privilege on one trial does not operate in a succeeding trial. (*Grattan* v. *Metropolitan Life Ins. Co.*, 92 N. Y. 276, 287.) So, too, the tenor of section 348 of the Civil Practice Act makes it clear that only in certain cases may the testimony on a former trial given by a person incompetent under section 347 of the Civil Practice Act be read at a second trial. The respondent confessedly does not come within the privilege outlined in section 348 of the Civil Practice Act. Even that privilege is narrowly limited. (*People ex rel. Byrne* v. *Brugman*, 3 App. Div. 155, 157.) This department has held " the fact that no objection was made to such testimony, when offered on the former trial, or that an objection made was overruled, and the testimony received, is not binding or controlling on the subsequent trial." (*Pratt, Hurst & Co., Ltd.*, v. *Tailer*, 135 App. Div. 1, 6.) Even a stipulation expressly waiving the benefit of section 347 made during the lifetime of a party is not binding upon the representatives of the estate of that party after his death. (*Dean* v. *Halliburton*, 241 N. Y. 354, 361.) The ruling excluding respondent's testimony is in accord with controlling authority. Especially in the administration of estates a waiver constrained by lack of competent other proof should not peril the estate rights when competent evidence thereof becomes available.

On the merits, decision is required respecting the obligation of respondent to restore to the estate moneys originally owned by deceased which reached the possession of respondent and also respecting the obligation of the respondent to indorse over to the estate two mortgage certificates claimed by the estate.

As to the sum of $800 withdrawn from deceased's account with Manufacturers Trust Company the sole claim of right to retain the

fund is based upon an assertion of the respondent that deceased paid him this money in extinguishment of a debt of like amount owed by her to him. The court holds that this claim is wholly false, that no debt in fact existed on the part of deceased to respondent and that the money in respondent's hands is the property of the estate of deceased.

In respect of the claim of gift of moneys withdrawn from deceased's account in Citizens Savings Bank the sole proof in support of the alleged gift is that furnished by a sister of the respondent whose testimony is wholly rejected by the court for reasons hereinafter stated. The burden being upon the respondent to establish his claim of gift by clear and convincing evidence and such burden not having been sustained the moneys in controversy are adjudged the property of the estate.

In respect of the mortgage certificates the claim of respondent is that he acquired them from deceased shortly before her death in the so-called cancer hospital maintained by the city of New York on Welfare Island. The proof is that for weeks prior to the date of the alleged transaction the deceased was in a physical and mental state which made it absolutely impossible for her to comprehend any business transaction whatever. This proof comes from the hospital records and from the oral testimony of a medical witness who was in direct and continuous charge of deceased as a patient. That proof demonstrates the complete falsity of the claim of respondent to these certificates and they are adjudged to be the property of the estate.

The court's own view of the witnesses produced by respondent and its observation in particular of the conduct and demeanor of the witness Sarah Zagon satisfies the court that respondent and his sister have conspired to defraud the family of deceased of all of her assets. The proof now before the court establishes beyond reasonable dispute that the claim of the respondent and his sister, Sarah Zagon, that there existed a personal animus of deceased against her husband which was the motivating reason for the transfers to the respondent is made out of whole cloth. Credible and disinterested witnesses establish that the surviving husband of deceased who is now the administrator of her estate was on good terms with deceased, contributed to the household what he could, attended faithfully at the hospital where deceased was dying and gave her such consolation as he could. These witnesses agree that the administrator was a most devoted parent in his care of the unfortunate issue of the marriage. Patently the plan of the respondent was to blacken the petitioning administrator with ugly charges of misconduct toward the deceased and thus establish

if possible a basis upon which the court could be induced to credit the story that deceased had stripped herself of all her belongings for the benefit of respondent. The proof now in the case respecting the actual condition of deceased at the time she is supposed to have entered into a detailed scheme and plan for disposing of her property to the respondent demonstrates the utter falsity of the claims of respondent and requires an adjudication that the property in controversy belongs to the estate of deceased where it can be administered for the benefit of her husband and her child.

The details of that plan need no comment except to say that they were conceivable only by a person of alert and vigorous mentality. The proof being that deceased was utterly incapable of connected thought or speech at and before the time of the indorsement of the mortgage certificates it follows that the testimony of Sarah Zagon was perjured and must be rejected. Hers is the sole testimony in support both of the alleged debt and the alleged gift. In every gesture and intonation this witness evinced a deep-seated malice toward her brother-in-law, the administrator, which explains though it does not excuse in any degree the gross perjuries of which she was guilty. The court rejects her testimony in its entirety. This leaves respondent with no proof to support the alleged gift. It leaves respondent, too, with no proof of the alleged debt, but it should be said that even the perjured tale of Sarah Zagon would, if credited, prove no debt in fact. Since there is no proof of debt and since respondent's possession of deceased's money is asserted only on an untenable basis he must be adjudged to hold it for her subject to payment on demand. In respect of the mortgage certificates the court holds that there was no conscious transfer of them by deceased.

Submit, on notice, decree adjudging estate title accordingly.