JAMES VAN VOOREN, Plaintiff, *v.* GEORGE COOK, an Incompetent, et al., Defendants.

Supreme Court, Special Term, Ontario County, March 2, 1948.

*William L. Clay* for plaintiff.

*William C. Combs* for George Cook and others, defendants appearing specially.

WHEELER, J. The complaint in this action demands damages resulting from an assault upon the plaintiff by defendant George Cook, incompetent, an inmate of Brigham Hall Hospital. Upon service of summons the defendant committee appeared by its attorneys and issue was joined. The case was tried in February, 1947, at which time the action against Brigham Hall Hospital was dismissed upon motion by the plaintiff. After a no-cause-of-action verdict by the jury, plaintiff appealed from the judgment entered thereon; the Appellate Division, Fourth Department, has reversed the judgment, ordering a new trial. (273 App. Div. 88.) There is now pending before the Appellate Division a motion by the defendant committee for reargument of that order.

At this phase of the proceedings the committee moves for an order dismissing the complaint and setting aside the service of the summons and complaint on the ground that no permission to sue the incompetent has ever been granted by this or any other court. The facts, including the fact that the committee purposely waited until the present time to make this motion, are admitted, and the question is purely one of law.

The defendant, in support of its position, insists that permission to sue an incompetent is a mandatory prerequisite and cannot be waived; that such tactics are to be approved and commended by the court if the incompetent's estate may be better protected by taking advantage of technical points of law. I believe the defendant has misapprehended not only the duty of the committee as an officer of the court, but also the reason for the rule that permission must be obtained to sue an incompetent or his committee.

In addition to the fact that an officer of the court is under a duty to apprise the court of all that is relevant regarding a case before it, neither precedent nor sound reason warrants the relief this defendant now asks. That proper procedure requires permission before an incompetent may be sued is not denied (*Grant* v. *Humbert,* 114 App. Div. 462); yet this court has been unable to discover any published case which has closed directly with the unincumbered question presented here, much less one which unequivocally holds this requirement to be jurisdictional or mandatory in any sense. In fact, the opinions of the cases which touch upon this problem indicate otherwise. (*Crippen* v. *Culver,* 13 Barb. 424; *Meeks* v. *Meeks,* 51 Misc. 538; *Outtrin* v. *Graves,* 1 Barb. Ch. 49.)

" The necessity of obtaining leave of court to sue may be waived ". (44 C. J. S., Insane Persons, § 138, p. 299, citing *Crippen* v. *Culver* and *Meeks* v. *Meeks, supra.*) The case of *Dean* v. *Halliburton* (241 N. Y. 354), relied upon by the defendants, was not decided upon the question here presented and is, therefore, precedent only for the specific question certified to the Court of Appeals by the Appellate Division: " (5) Was such substitution tantamount to permission to begin the action against the committee? "

Only recently the Court of Appeals in a case presenting an analogous situation reaffirmed a holding of many years' standing that, while leave of the court should have been requested before a creditor could sell property possessed by a receiver, and the creditor may be held in contempt of the court having jurisdiction over the receiver, the sale is still not invalid or illegal. (*Johnson* v. *Smith,* 297 N. Y. 165, citing with approval *Chautauqua County Bank* v. *Risley,* 19 N. Y. 369.)

And when we turn to the reason for the rule, it is impossible to support the contention of the committee. There seems little doubt that the purpose of the rule upon which this defendant relies is to protect the incompetent's estate from the necessity of defending claims that are sham, frivolous or otherwise not meritorious. The committee need not be imposed upon and may take advantage of this protection against unwarranted claims by moving to set aside the summons and complaint on the ground that no permission to sue has been granted. But when, as in this case, a committee undertakes to defend a suit commenced without leave and carries through the defense without demur to the point which this defendant has done, it does not now behoove the committee to move the court to dismiss the action

for want of leave to sue. The purpose of the rule requiring permission to sue is *not* to erect a technical barrier to meritorious causes of action against the estate of an incompetent.

In this case, if the plaintiff had not presented a prima facie cause of action, the Trial Judge would not have allowed the case to go to the jury, nor would the Appellate Division have reversed the judgment entered upon the no-cause-of-action verdict. It is mere sophistry to now say that the estate of the incompetent has not been protected from an unmeritorious cause of action or put to unnecessary expense in defending the claim. Even the committee must have believed the plaintiff's cause of action was not without merit, else this motion should have been made immediately upon service of the complaint.

If the purpose of a rule may be served by methods other than a strict application of the rule, there is little reason to insist that failure of formal compliance with the rule will invariably be fatal to the action. Thus, though the act of the Trial Judge in allowing the case to go to the jury for determination of an issue of fact might well be held an implied *nunc pro tunc* leave to sue, this court stands squarely on the proposition that the rule requiring leave to sue the incompetent or his committee is not jurisdictional, and for that reason may be waived by the committee.

What constitutes waiver will depend upon the facts in each action, but in the case at bar where the action was vigorously tried and defended on its merits, the conclusion is inescapable that the estate of the incompetent has not been imposed upon and that the defendant has effectively waived its right to demand that this plaintiff obtain leave to sue.

" Rules of law intended for the protection of an incompetent or his estate or of an officer of the court should be applied in accordance with their spirit and purpose." (*Dean* v. *Halliburton, supra,* p. 360.)

To grant this motion would be to ignore not only the realities of the situation, but the guide so clearly enunciated in the opinion immediately above set forth.

The motion is denied, with $10 costs. There is, therefore, no need to pass upon the cross motion.

Submit order accordingly.