JAMES F. VAN VOOREN, Respondent, v. GEORGE COOK, an Incompetent, et al., Appellants.— Order affirmed, with $10 costs and disbursements. All concur. (The order denies defendants' motion to vacate service of summons and complaint and to dismiss the complaint in an action for damages for personal injuries alleged to have been sustained as the result of an assault by the incompetent defendant.) Present — Taylor, P. J., McCurn, Larkin, Love and Kimball, JJ. [191 Misc. 794.] [See 275 App. Div. 741.]

MYRTLE L. BACH, as Administratrix of the Estate of GEORGE BACH, Deceased, Respondent, v. JOSEPH NUCCI, SR., et al., Appellants.— Amended judgment and order affirmed, with costs. All concur. (The amended judgment adjudges that a release executed by plaintiff's intestate was invalid. The order denies a motion for a new trial.) Present — Taylor, P. J., McCurn, Larkin, Love and Kimball, JJ.

## (November 17, 1948.)

ROSE RAGA, Respondent, v. S. S. KRESGE COMPANY, Appellant.— Judgment and order affirmed, with costs. Memorandum: The testimony of plaintiff Mrs. Raga and her daughter as to the speed at which the door revolved was, if accredited by the jury, sufficient to warrant a finding that the braking device was so out of adjustment as to allow the door to revolve at a speed fast enough to create an unusual danger to defendant's invitees. While the defendant is not liable for the acts of a third person who dashes through the door without regard to the safety of others, still the defendant upon the evidence here had reason to anticipate some such conduct, and reasonable care would require that the defendant inspect and maintain the braking device in such condition that it would perform its function to hold down the speed of the door. At least, the jury might so find (see *Burgess* v. *Horn & Hardart Co.*, 279 N. Y. 741; *Norton* v. *Chandler & Co.*, 221 Mass. 99). The jury rendered a general verdict and the statement of the jury foreman that the defendant " was negligent in not having proper supervision at the revolving doors " was surplusage and does not affect the validity of the verdict. We cannot say from such statement that the jury arrived at its verdict upon an erroneous theory. While revolving doors are in common use and do not ordinarily require supervision, still such a door with a defective braking device might, depending upon the circumstances found to exist, create such a hazard that reasonable care on the part of the owner would call for supervision of the traffic through the door until the defect is remedied. All concur, except Taylor, P. J., who dissents and votes for reversal and for dismissal of the complaint on the ground that there is no substantial evidence to support the finding that defendant was negligent. (The judgment is for plaintiff in a negligence action. The order denies a motion for a new trial.) Present — Taylor, P. J., McCurn, Larkin, Love and Vaughan, JJ.

JOSEPH RAGA, Respondent, v. S. S. KRESGE COMPANY, Appellant.— Same decision and like cause of action as in companion case of *Raga* v. *Kresge Co.* (*ante*, p. 966, decided herewith). Present — Taylor, P. J., McCurn, Larkin, Love and Vaughan, JJ.