Peter M. Daly, J.
Application for an order granting leave nunc pro tunc, as of June 29, 1959, to prosecute an action to foreclose a mortgage against an incompetent so adjudicated in May, 1959.
It appears from the petition that on or about May 19, 1958, the incompetent and her husband, who is presently her committee, executed and delivered to two attorneys practicing law as *876 a partnership, their bond and mortgage in the sum of $4,000, covering a parcel of real estate located in Queens County, as payment for the balance due them for legal services rendered; that at the same time and place they executed and delivered to another attorney a mortgage upon the same parcel of real estate in the sum of $900 covering the balance of his fees for legal services rendered; that the mortgagors paid $500 on account of the $4,000 mortgage, but made no payment whatsoever on account of the $900 mortgage and that both are now past due and in default.
It is contended, however, in opposition to this application that before leave to sue may be granted it is incumbent upon the applicants to submit an itemized list of services rendered by them to the incompetent which resulted in the indebtedness for which the bonds and mortgages were executed. According to the affidavit of an Assistant Attorney-General of the State of New York it is her opinion “ that upon such a direction by the court, the facts will disclose that no legal services had been rendered by the petitioner to the above named incompetent person.”
It is true that before leave to sue an incompetent may be granted the court must be satisfied that the petitioners have a meritorious claim. Here, however, the respondents seek to impose upon the petitioners the burden of negating a possible defense to the foreclosure action even before the issues in that action have been formulated by the service of pleadings; and the suggested defense cannot be disposed of as matter of law, but requires a plenary hearing.
The undisputed fact that the petitioners are the holders of bonds and mortgages which are in default sufficiently establishes, prima facie, a meritorious claim which they are entitled to enforce by action, and the matters raised in opposition may properly be asserted by way of defense to that action.
It appears that the committee has in his individual capacity interposed an answer to the foreclosure action, but in his capacity as committee has served a “ special appearance ” contesting the jurisdiction of the court over the incompetent by reason of the fact that the plaintiffs, in the foreclosure action, had not obtained prior leave of court to institute it. A defendant who does not wish to submit Ms person to the jurisdiction of the court must make a motion under subdivision 1 of section 237-a of the Civil Practice Act to set aside the service of process, or strike out part of the complaint as may be appropriate, depending upon whether the process or its service was faulty or whether, process being good, the complaint demands relief part of which is beyond the jurisdiction of the court to grant. If the *877 objection is first taken in any manner other than by motion it is deemed waived. (Gershen v. Gershen, 6 A D 2d 862; Lieberman v. Lieberman, 116 N. Y. S. 2d 903.)
Not only has the committee herein failed to make such a motion, but failure to obtain prior leave to sue an incompetent does not appear to be a jurisdictional objection. (Cf. Van Vooren v. Cook, 191 Misc. 794, affd. 274 App. Div. 966.) The application is accordingly granted as prayed for with leave to the committee to serve his answer within 20 days after the service of a copy of the order hereon with notice of entry.
Settle order.