ALFRED MARER, Plaintiff, *v.* PETCYCON REALTY CORPORATION et al., Defendants.

Supreme Court, Westchester County, May 14, 1962.

*Walsh & Levine* for plaintiff. *Floyd M. Grant* for Anita Lewis and others. *Louis J. Lefkowitz, Attorney-General* (*Louis E. Cooper* of counsel), for Rockland State Hospital.

HUGH S. COYLE, J. This is a motion by Anita Lewis, the successful bidder at a public auction sale conducted by a Referee appointed by the court pursuant to judgment in an action brought to foreclose tax liens against numerous parcels of real property sold by the City of Yonkers to the plaintiff in the above-captioned action. Anita Lewis has moved this court for an order vacating and setting aside the Referee's sale to her on April 22, 1960, of the premises designated as Lots 44 and 45 in Section 4,

Block 4414 on the Tax Map of the City of Yonkers, and relieving her from the purchase at said sale and further directing the Referee to repay her the sum of $190, with interest from the 22d day of April, 1960.

The ground upon which this application is made is that the title to the premises in question is unmarketable. The action was brought to foreclose several tax liens covering numerous lots in the City of Yonkers, and resulted in a judgment of foreclosure and sale. The above-mentioned lots were among those against which the action was brought, and were owned by William J. Williams and Martha Williams, also known as Martha E. Williams, at one time prior to their divorce, husband and wife. Martha Williams had been adjudged an incompetent and at the time of the sale, was a patient in the Rockland State Hospital at Orangeburg, New York. One Bebe Von Seele was duly appointed by the Supreme Court, Bronx County, as committee of the person and estate of Martha E. Williams. Martha Williams was not made a party defendant to the action for the foreclosure of the tax lien against property owned by herself and her former husband, William J. Williams. Pursuant to the judgment of foreclosure and sale, a public auction of the premises was held by the Referee appointed by the court at the courthouse in the City of White Plains on April 22, 1960. The premises were bid in by Anita Lewis for the sum of $1,900 and the initial payment of $190 was made by her. Thereafter, title was submitted to the Title Guarantee Company for examination and insurance and was rejected by said company for the reason that Martha Williams, the owner of the interest in the premises was not made a party defendant. Thereupon Anita Lewis informed the Referee and the plaintiff's attorney that she rejected title, although she offered to take title if it could be made marketable.

Plaintiff in the above action has cross-moved this court for an order authorizing him to commence action against Bebe Von Seele as committee of the person and property of Martha Williams, also known as Martha E. Williams, an incompetent person, *nunc pro tunc* as of July 29, 1957, and for a further order requiring Anita Lewis to complete the purchase of the afore-mentioned real property.

A prior application was made by plaintiff to compel Anita Lewis to complete the purchase of the premises, which was denied by Mr. Justice McCULLOUGH, sitting in Special Term, Part I, Supreme Court, Westchester County. In his decision, Judge McCULLOUGH stated in part as follows: " It does not appear that leave of the court was ever obtained before begin-

ning suit against the committee. This is a necessary step (*Smith* v. *Keteltas,* 27 App. Div. 279) ; although it may be granted *nunc pro tunc* (*Dunham* v. *Fitch,* 48 App. Div. 321; *Matter of Boruk,* 21 Misc 2d 875).

Although it appears in the papers submitted hereon that there is considerable doubt as to whether or not the proceedings to date are proper by reason of the failure to make the incompetent a party to the action, this court believes that based upon the authorities cited above, and in the interest of justice plaintiff's motion for an order authorizing him to commence action against Bebe Von Seele as committee of the person and property of Martha Williams, also known as Martha E. Williams, an incompetent person, *nunc pro tunc* as of July 29, 1957 should be granted. It should be pointed out that in the action the committee of the incompetent was named as a defendant in her capacity as committee of the person and property of the incompetent. Service of the summons and complaint was made upon her as committee; service was also made upon the incompetent by order of Mr. Justice JAMES J. BAILEY, dated January 20, 1959 by serving the incompetent and the Associate Director of Rockland State Hospital. It should also be pointed out that the attorney for the committee appeared in the action and is the same attorney who represented Anita Lewis. In addition the Attorney-General of the State of New York duly appeared for the incompetent and Rockland State Hospital. Under such circumstances the court is of the opinion that the application of Anita Lewis should, in all respects be denied. The application of plaintiff to commence the action *nunc pro tunc* is granted. That part of the plaintiff's application for a further order requiring the successful bidder to complete the purchase of the property is denied with leave to renew upon completion of the action to be commenced *nunc pro tunc* against the committee of the incompetent.