**Michelle ROSENFELD, Plaintiff,**

v.

**Gerard BASQUIAT, Administrator of the Estate of Jean–Michel Basquiat, Defendant.**

**No. 89 CIV 7702 (HB).**

United States District Court, S.D. New York.

Nov. 2, 1994.

1. The FDIC's other arguments are less persuasive. It contends that it had a right to reserve a cause of action against Toshiba when it released the Lenox Hill parties. Although such a reservation appears in paragraph 6(a) of the December 31 agreement, the FDIC cites no Connecticut law on the issue after devoting considerable space in its brief to the argument that Connecticut law is controlling. The FDIC also argues that the UCC as codified in Connecticut provides that a creditor may discharge a debtor without discharging a guarantor. This assumes too much. Conn.Gen. Stat. § 42a–3–605(b) clearly provides that this rule only applies against a guarantor "having a right of recourse against the discharged party." As the discussion below indicates, it is unclear whether Toshiba has such a right.

Blumenthal & Lynne, New York City (Michael K. O'Donnell, of counsel), for plaintiff.

Cinque & Cinque, New York City (Robert Cinque, of counsel), for defendant.

### OPINION AND ORDER

BAER, District Judge.

Plaintiff Michelle Rosenfeld, an art dealer, ("Rosenfeld") sued an artist's estate concern-

ing the alleged failure of the decedent artist ("Basquiat") to deliver three paintings pursuant to a partly written, partly oral purchase agreement. The parties tried the case to a hung jury before Chief Judge Griesa in October 1993. At the trial, Rosenfeld testified about her conversations and agreement with Basquiat. She did so only after defense counsel affirmatively waived his objection to Rosenfeld's testimony based on New York Civil Practice Law and Rules ("CPLR") 4519 ("Dead Man's Statute" or "Statute"). This followed Judge Griesa's ruling that he would instruct the jury about the Dead Man's Statute if Basquiat invoked it. (Trial transcript pp. 179 to 185). The parties agree that the Dead Man's Statute would otherwise have barred her testimony. Before the retrial I must decide three evidentiary questions:

1. Does Basquiat's waiver of his objection based on CPLR 4519 at the first trial, allow Rosenfeld to testify about her transactions with the decedent at the retrial?

2. Is Rosenfeld entitled to a jury instruction concerning the effect of CPLR 4519, if I exclude her live testimony?

3. Is Rosenfeld's prior trial testimony admissible in evidence at the retrial?

## DISCUSSION

■ Federal Rule of Evidence 601 provides that:

Every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, *the competency of a witness shall be determined in accordance with state law.* (Emphasis added).

When state law supplies the substantive rule of decision, federal courts apply state "Dead Man's Statutes" to determine witness competency. *See* Moore's Federal Practice, Vol. 10, Art. VI, § 601.06. New York state law governs the substantive issues in this diversity case. The parties do not dispute that New York's Dead Man's Statute determines Rosenfeld's competence to testify. The Statute provides, in substance, that any person

"interested in the event" may not testify in her own behalf against certain protected persons with a specified relationship to a decedent (here decedent's executor) concerning a transaction or communication with the decedent. CPLR 4519 (McKinney 1992).

■ An otherwise disqualified witness may testify against protected persons as to a transaction or communication with a decedent or mentally ill person if the protected person waives the statute. A party entitled to invoke CPLR 4519 waives it if the party fails, intentionally or otherwise, to object at trial to the incompetency of a disqualified witness who testifies in her own behalf concerning a transaction or communication with the decedent or mentally ill person. *See, e.g., Dean v. Halliburton,* 241 N.Y. 354, 150 N.E. 141 (1925); *Matter of Estate of Mastrianni,* 55 A.D.2d 784, 389 N.Y.S.2d 914 (1976). At the first trial Basquiat could have invoked the statute, but he withdrew his objection to Rosenfeld's competency as a witness in light of Judge Griesa's proposed jury instruction.

■ Rosenfeld argues, without citing any authority, that Basquiat's waiver of protection under the Dead Man's Statute at the first trial automatically precludes him from asserting it at retrial. I disagree. "Objections not raised at the first trial of the case may be urged at a later trial and are not waived, even though the later trial is one *de novo* on appeal or on remand." Graham, *Handbook of Federal Evidence,* § 103.4 (3rd ed. 1991). While the instant retrial is neither an appeal nor on remand, a *de novo* trial following a mistrial also revives waived objections in circumstances such as this. Therefore, Basquiat may object anew to Rosenfeld's testimony made incompetent by the Dead Man's Statute. However, if Basquiat renews his objection, I agree with Judge Griesa that I must instruct the jury about why Rosenfeld, the only surviving witness, cannot testify about her dealings with the decedent.

■ The parties mistakenly argue that CPLR 4517 determines whether Rosenfeld's prior testimony, though hearsay, can be admitted in the second trial. The Federal

Rules of Evidence govern hearsay problems in Federal Court even when state law supplies the rule of decision. Fed.R.Evid. 101 and 1101; *see also Grenada Steel Industries, Inc. v. Alabama Oxygen Co. Inc.*, 695 F.2d 883, 885 (5th Cir.1983) (*en banc*); *Courtland v. Walston & Co., Inc.* 340 F.Supp. 1076, 1087 (S.D.N.Y.1972) (Brieant, J.).

■ Federal Rule of Evidence 804(b)(1) provides that the hearsay rule does not exclude testimony of an "unavailable" witness given at a prior trial "if the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." The parties do not dispute that Basquiat had ample opportunity and similar motive to cross-examine Rosenfeld's testimony at the first trial. Thus, Rosenfeld's former testimony would be admissible at retrial if she is "unavailable."

■ Rule 804(a)(1) provides that a declarant is "unavailable" if "exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement." My ruling, which recognizes Basquiat's rights under the Dead Man's Statute, constitutes his assertion of a "privilege" against irrebuttable testimony. This privilege makes Rosenfeld unavailable as a live witness. *Mathews v. Hines*, 444 F.Supp. 1201, 1207 (M.D.Fla.1978); *Sticker v. Morgan*, 158 F.Supp. 830, 837 (W.D.Miss. 1958). Discussing New York's Dead Man's Statute Judge Brieant noted that a "[s]tatutory privilege which prevents taking the testimony of a witness is analogous to statutory provisions making testimony incompetent, because upon each may depend the substantive result of litigation...." *Courtland*, 340 F.Supp. at 1087. I therefore find that if Basquiat asserts the Dead Man's Statute Rosenfeld will become "unavailable" within the meaning of Rule 804(a) to testify about her dealings with Basquiat, and I will admit her testimony from the first trial at retrial.

## CONCLUSION

For the reasons set forth above, I hold that: Basquiat's waiver of the Dead Man's Statute in the first trial does not prevent him from invoking it in the second trial; Rosenfeld's prior testimony is admissible in the second trial as an exception to the hearsay rule under Fed.R.Evid. 804; and I will instruct the jury about the Dead Man's Statute if Basquiat asserts it.

**SO ORDERED.**