WILLIAM J. SCHIEFFELIN, Respondent, *v.* JOHN F. HYLAN et al., Defendants, and CHARLES L. CRAIG, Appellant.

*Appeal — where questions certified to Court of Appeals cannot be answered the appeal will be dismissed.*

1. Upon appeal to the Court of Appeals, by permission from an intermediate order, this court only acquires jurisdiction by virtue of the permission to appeal granted by the Appellate Division on the questions certified for answer. (Code Civ. Pro. § 190, subd. 3.) The questions thus certified limit the power of review and if the answers to them will not be decisive of the appeal or if they are in such form that they cannot be answered the appeal cannot be determined and must be dismissed.

2. Where a question certified to the Court of Appeals presents a question of fact, it cannot be answered, and where an answer is essential to a determination of the appeal it will be dismissed.

*Schieffelin* v. *Hylan*, 191 App. Div. 324, appeal dismissed.

(Argued September 30, 1920; decided October 22, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 9, 1920, which affirmed an order of Special Term adjudging the appellant herein guilty of a civil contempt.

*John P. O'Brien, Corporation Counsel (Luke D. Stapleton, William E. C. Mayer* and *Charles J. Druhan* of counsel), for appellant.

*Leonard M. Wallstein* and *Ralph M. Frink* for respondent.

*Per Curiam.* This is an appeal from an order affirming an order made in the course of an action adjudging the appellant guilty of a civil contempt of court. The order of which review is sought is an intermediate one and this court only acquires jurisdiction by virtue of permission to appeal granted by the Appellate Division on questions certified to us for answer. (Code Civ. Pro. § 190, subd. 3.) The questions which are thus certified limit our power of review and if the answers to them will not be decisive of the appeal or if they are in such form that they cannot be answered, we are unable to determine the appeal and our consideration thereof would be futile. That is the situation presented on this appeal.

The appellant was adjudged guilty of contempt of court on the theory that he had violated a preliminary injunction contained in an order to show cause in this action by causing to be issued or transferred by one department of the city of New York to another certain corporate stock notes of the city, and the proceeds thereof to be applied to the redemption of special revenue bonds held by the sinking fund commision in violation of such injunction.

Three questions were certified to us by the Appellate

Division in permitting an appeal from the order punishing for contempt. The first two questions were respectively, in effect, whether the injunction order justified and sustained an adjudication of civil contempt, and whether the transfer of the corporate stock notes and the application of their proceeds above referred to was a violation of the order in question? The third question was, " on the facts was the defendant Craig in contempt so as to be fined $250, and costs by the Special Term? "

We have proceeded far enough in the consideration of the appeal to determine that if it was material we should answer each of the first two questions in the affirmative and thus would reach the third question. This third question both in its form and on the evidence which is submitted to us presents a question of fact. Without stating the evidence, it is sufficient to say that it required the trier of fact to draw inferences of fact in answer to the question whether the defendant was guilty of conduct which amounted to a contempt, and, therefore, it presented an issue of fact. Of course, this court has no power to decide questions of fact and thus to answer this question. On the other hand, an answer to the question is essential to a determination of the appeal. Without an answer to it, we cannot determine whether the order appealed from is proper, and not being able to answer it and determine the appeal, there is nothing left but to dismiss the latter.

The appeal must be dismissed, with costs.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND, CRANE and ELKUS, JJ., concur.

Appeal dismissed.