FOSTER R. BOWLBY et al., as Executors of GEORGE M. BOWLBY, Deceased, Appellants, *v.* JOHN E. McQUAIL, Respondent.

*Appeal — when appeal from intermediate order, on certified questions, dismissed.*

Where, on appeal to the Court of Appeals, by permission, from an intermediate order, the questions certified will not be decisive of the appeal or are in such form that they cannot be answered at all, or if, in order to answer them, a question of fact must be determined, the appeal will not be entertained.

*Bowlby* v. *McQuail*, 211 App. Div. 869, appeal dismissed.

(Submitted June 2, 1925; decided July 15, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 23, 1925, which affirmed an order of Special Term denying a motion to strike out the answer and for judgment on the pleadings. The following questions were certified:

1. Defendant's " separate defense " seeks to rescind an agreement under the terms of which defendant gave the deceased plaintiff the promissory note sued upon in the complaint. Can a defendant maintain and establish the defense of rescission of an agreement by reason of false representations in a case where he gave no notice of an election to rescind, and made no offer of restoration prior to his answer and until the expiration of fourteen months after the fraud alleged as the ground of the defense was discovered and then only in his amended answer in a pending action for the purpose of enabling him to allege a defense sufficient in law after a decision by the court to the effect that such defense without such an allegation was insufficient?

2. Can a defendant maintain a defense of rescission of an agreement made between the parties to an action, if such defendant has not tendered and offered to restore all that he received from the plaintiff as a consideration for the agreement at the time of the making of said agreement which he attempts to rescind?

3. Can a defendant maintain a defense of rescission of

an agreement made between the parties to an action, if it is impossible to place and restore the other party to the action and agreement to the same position as the said other party to the agreement was on the day and at the time they entered into the agreement, which agreement the defendant seeks to rescind on the ground that he was induced to make such an agreement because of the false representations of the said other party?

4. Can a defendant maintain a defense for the rescission of an agreement based upon an alleged false statement which alleged statement was a promise by the other party to do something for the defendant in the future, to induce the defendant to enter into the agreement sought to be rescinded, where there was no time agreed upon in which the other party was to perform such alleged promise, without having first made a demand on the other party for performance, and placed some limitation of time during which the other party was to perform and without alleging such demand in said defense?

5. Does the defendant sufficiently allege fraud in said "first defense" to maintain the defense of rescission?

6. Does the defendant sufficiently allege the defense of fraud as a ground for rescinding a written agreement between the parties to permit evidence to be introduced on behalf of the defendant to establish such defense when such evidence would tend to vary and contradict the terms of the said written agreement?

7. Where the defendant pleads that an agreement of settlement of a prior action between the same parties as this action was without consideration, because the contract sued upon in the prior action was against public policy, that the agreement of settlement of said pending action is without any consideration, and that such agreement of settlement and any note given pursuant to the terms of said agreement is illegal, without consideration and void, in an action pending in another court to recover on a promissory note so given, between the same parties as in the action settled, can a defendant plead and maintain a defense to an action to recover on a promissory

note given in settlement of a prior pending action to the effect that the agreement settling the former pending action in another court, that said former action settled, was based upon a contract against public policy, illegal and void?

8. Is it against public policy for a stockholder of a corporation, who is also an officer of the corporation, to receive compensation for his services, in obtaining three other stockholders to act with him, and who constitute themselves a committee to obtain sufficient stock from other stockholders of said corporation, to perform a contract made by such committee, to sell and deliver to a purchaser more than seventy per cent of the stock of such corporation, such compensation for said services being paid for by the purchaser of the stock?

9. Is the settlement of a pending action by an agreement between the parties and an order made by the court in the action and entered pursuant to said agreement discontinuing and terminating the action *res adjudicata* and to the same extent as a judgment in the action determining the issues?

10. Can an agreement of settlement between the parties to a pending action, in the action, pursuant to which an order is made by the court in the action discontinuing and terminating the action, be attacked in another action in another court between the same parties to enforce said settlement agreement?

11. Can a promise by one party to an agreement to do some act in the future for the other party, which promise induced the other party to execute the agreement, be made the basis of a defense of fraud to set aside the agreement executed, unaccompanied by some special circumstance entailing unusual hardship and where an action for damages would not give the party relying on the promise adequate relief?

12. Is the "separate defense" together with the undisputed facts in the record, sufficient in law to constitute a defense?

13. Is the "second defense" together with the undis-

puted facts in the record, sufficient in law to constitute a defense?

*Theodore T. Baylor* for appellants.

*Carroll Blakely Low* and *Walter Carroll Low* for the respondent.

*Per Curiam.* The plaintiffs moved under Civil Practice Rules 103, 104, 109, 112, 113, " and generally," to strike out an entire answer and for summary judgment. The motion was denied and on appeal to the Appellate Division the order was affirmed, permission given to appeal to this court and certifying thirteen questions.

The order which we are asked to review is an intermediate one. The only power this court has to review such an order is by virtue of the permission granted by the Appellate Division on the questions certified. (Civ. Prac. Act, § 588, subd. 3.) The questions which are certified limit the power of this court on review to answer such questions and no others. (*Grannan* v. *Westchester Racing Association,* 153 N. Y. 449.)

If the answers to the questions certified will not be decisive of the appeal, of if they are in such form that they cannot be answered at all, or if in order to answer them this court must determine a question of fact, then the appeal will not be entertained. (*Schieffelin* v. *Hylan,* 229 N. Y. 633.) This is precisely the situation here. The answers to the questions certified will not be decisive of the appeal. Some of them cannot be answered at all and some in order to answer them require this court to determine a question of fact which the court has no power to do.

The appeal, therefore, must be dismissed, with costs.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., not voting; LEHMAN, J., dissenting.

Appeal dismissed.