CATHERINE GRAY, as Administratrix of the Estate of EDWARD GRAY, Deceased, Appellant, *v.* H. H. VOUGHT & COMPANY et al., Respondents.

*Appeal — questions certified — appeal dismissed when it appears that reversal by Appellate Division was, among other grounds, on one that Court of Appeals cannot consider.*

1. An appeal upon questions certified by the Appellate Division will not be considered by the Court of Appeals unless the answers to such questions will be decisive of the correctness of the order or judgment appealed from.

2. Where, therefore, questions have been certified involving the power of the court to permit amendments to the summons and complaint bringing in additional parties, but it appears that the order of the Special Term was reversed and the motion to amend denied on the ground that plaintiff had been guilty of laches in making her motion as well as on other grounds, which question of laches has not been certified to and cannot, in any event; be considered by the Court of Appeals, the appeal will be dismissed.

*Gray* v. *Vought & Co.*, 216 App. Div. 230, appeal dismissed.

(Argued June 8, 1926; decided July 9, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 19, 1926, which reversed an order of Special Term granting a motion to amend the summons and complaint and denied said motion. The following questions were certified: " (1) Did the court at Special Term have power to grant the plaintiff's motion to amend

the summons and complaint by adding thereto the names of the partners of H. H. Vought & Company with appropriate allegations of their partnership? (2) Did the appearance of H. H. Vought & Company by attorney in the action authorize the court to permit the plaintiff to amend the complaint by inserting the names of the partners of H. H. Vought & Company with appropriate allegations of their partnership notwithstanding the allegation in the complaint that the defendant is a corporation after denial by defendant that it is a corporation? (3) Did the verification of the answer by one of the partners of H. H. Vought & Company in which it is stated that the defendant is a partnership and the service of said answer constitute an appearance in the action by the partnership? "

*William J. Hogan, Leonard F. Fish* and *Thomas J. O' Neill* for appellant.

*Theodore H. Lord* and *Grattan B. Shults* for respondents.

PER CURIAM. We do not consider an appeal upon questions certified to us by the Appellate Division unless the answers to such questions will be decisive of the correctness of the order or judgment appealed from. On this appeal questions have been certified to us involving the power of the court to make the amendments requested by the plaintiff but it appears by the opinion of the Appellate Division that the order of the Special Term was reversed and the motion for amendment denied on the ground that plaintiff had been guilty of laches in making her motion as well as upon other grounds. This question of laches of course has not been certified to us for consideration and could not be considered if it had been. The result, therefore, will be that no matter what our answers may be to the questions certified the respondents will be entitled to have the order in their favor stand on a ground which we cannot consider.

The appeal, therefore, should be dismissed, with costs.

HISCOCK, Ch. J., POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur; CARDOZO and CRANE, JJ., dissent and vote to reverse.

Appeal dismissed.