Los Angeles Investment Securities Corporation and Others, Plaintiffs, *v.* Alice White Joslyn and Others, Defendants.

Supreme Court, Trial Term, Albany County, December 3, 1935.

*Wiswall, Walton, Wood & MacAffer*, for the plaintiffs.

*Putney, Twombly & Hall* [*Frederic R. Sanborn* of counsel], for John Doane.

*Richard P. White, Jr.*, for the defendants Middendorff, Willard and Katherine P. White.

*Whalen, McNamee, Creble & Nichols*, for the defendants Alice White Joslyn, Douglas White Joslyn, Carrie W. Phillips and Richard P. White, Jr.

STALEY, J.   This is an action against defendants to enforce their liability under the laws of California, as stockholders of a California corporation.

It appears that the Pacific Cottonseed Products Corporation was incorporated under the laws of the State of California in 1927.   This corporation absorbed several others, and had an authorized capital stock of $7,500,000.

In August, 1929, a bond issue of $1,250,000 was authorized by the corporation.   This issue was purchased by the Los Angeles Investment Securities Corporation, the plaintiff, at 90, paying therefor $1,125,000.   Plaintiff now owns $1,178,000 principal amount of these bonds as follows: 928 $1,000 bonds and 500 $500 bonds.

These bonds have been pledged by the Los Angeles Investment Securities Corporation to the Los Angeles Investment Company, which in turn has pledged them to the Security First National Bank of Los Angeles.

On October 1, 1929, there were outstanding of the stock of the Pacific Cottonseed Products Corporation:

| | |
|---|---:|
| 14,087.895 preferred at $100 per share | $1,408,789 50 |
| 22,203.445 common at $100 per share | 2,220,344 50 |
| 20,000 common and preferred, $25 | 500,000 00 |
| | $4,129,134 00 |

The defendants were the owners of the following amounts of stock of the Pacific Cottonseed Products Corporation at the time of the bond issue:

| | |
|---|---:|
| Alice White Joslyn | $6,500 |
| Douglas White Joslyn | 1,000 |
| Richard P. White, Jr | 2,000 |
| Carrie W. Phillips | 6,000 |
| Elsie E. Middendorff | 150 |
| Adele Louise Willard | 380 |
| John Doane | 2,300 |

At the time of the bond issue, the Constitution of the State of California provided as follows:

" ARTICLE XII

" § 3. Each stockholder of a corporation, or joint-stock association, shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation or association. The directors or trustees of corporation and joint-stock associations shall be jointly and severally liable to the creditors and stockholders for all moneys embezzled or misappropriated by the officers of such corporation or joint-stock association, during the term of office of such director or trustee.

" Nothing in the preceding paragraph of this section shall be held to apply to any corporation organized under the laws of this state which shall adopt and use as the last word of its corporate name, the word ' Limited ' or its abbreviation, ' Ltd.; ' but the stockholders of such corporation shall be subject to such liabilities as may be provided by the legislature; and provided, further, that nothing in this section shall apply to any stockholder's liability already incurred against stockholders in corporations created prior to the adoption of this amendment. Nothing in the preceding paragraph of this section shall be held to apply to any exposition company organized to promote and carry on any fair, sports, games or exhibitions authorized or to be held under authority of the Constitution or laws of California." (As amd. Nov. 6, 1928.)

Section 322 of the Civil Code of California (St. 1917, p. 786) provided:

" § 322. Stockholders of corporations shall be liable for the payment of corporate debts and liabilities as follows:

" 1. Each stockholder of a corporation, other than a corporation hereafter organized under the laws of this state which shall adopt

and use as the last word of its corporate name the word ' Limited,' or its abbreviation, ' Ltd.,' is individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him at the time the debt or liability was incurred bears to the whole of the subscribed capital stock or shares of the corporation; and such liability is not released by any subsequent transfer of stock. If any stockholder pays his proportion of any debt due from the corporation, incurred while he was such stockholder, he is relieved from any further personal liability for such debt; and if an action has been brought against him upon such debt, it must be dismissed as to him upon his paying the costs or such proportion thereof as may be properly chargeable against him.

" 2. In a corporation having no capital stock, each member is individually and personally liable for an equal share of its debts and liabilities.

" 3. In a corporation hereafter organized under the laws of this state, having a capital stock, and which shall adopt and use as the last word of its corporate name, the word ' Limited,' or its abbreviation, ' Ltd.,' if its subscribed and issued shares have not been fully paid, in money paid, labor done, or property actually received by the corporation, and the capital paid in shall be insufficient to satisfy its debts and obligations, each stockholder shall be liable to the creditors of the corporation for an amount equal to that not paid up on the shares held by him, or such proportion of that sum as shall be required to satisfy such debts and obligations; *provided,* that no judgment upon such liability shall be satisfied out of the property of such stockholder until judgment upon the debt or obligation upon which such liability is founded shall have been first entered against the corporation, and an execution thereon shall have been returned unsatisfied in whole or in part; and the enforcement of any judgment against the stockholder, and of any execution levied thereunder, shall be stayed until such return shall have been made. Any stockholder in such corporation who shall pay any debt or obligation for which he is made liable by the provisions of this subdivision of this section, may recover the amount so paid in an action against the corporation, in which action only the property of the corporation shall be taken in satisfaction of any judgment obtained therein, and not the property of any stockholder. Any amount so paid by such stockholder, and not repaid to him by the corporation or recovered in such action, shall be considered as having been paid on his shares.

" 4. The liability of each stockholder of a corporation formed under the laws of any other state or territory of the United States, ' or of any foreign country, and doing business within this state, is

the same as the liability of a stockholder of a corporation created under the constitution and laws of this state.

" Any creditor of a corporation may commence joint or several actions against any of its stockholders or members for the amount or proportion of his claim payable by each; and in such action the court must ascertain the amount or the proportion of the claim or debt for which each defendant is liable, and a several judgment must be rendered against each, in conformity therewith. The terms ' stockholder ' and ' member,' as used in this section, applies not only to such persons as appear by the books of the corporation to be such, but also to every equitable owner of stock or of a membership, although the same appears on the books in the name of another; and also to every person who has advanced the installments or purchase money of stock or a membership in the name of a minor, so long as the latter remains a minor; and also to every guardian, or other trustee, who voluntarily invests any trust funds in the stock or membership. Trust funds in the hands of a guardian, or trustee, are not liable under the provisions of this section by reason of any such investment; nor must the person for whose benefit the investment is made be responsible in respect to the stock until he becomes competent and able to control the same; but the responsibility of the guardian or trustee making the investment continues until that period. Stock held as collateral security, or by a trustee, or in any other representative capacity, does not make the holder thereof a stockholder within the meaning of this section, except in the cases above mentioned, so as to charge him with any proportion of the debts or liabilities of the corporation; but the pledgor, or person or estate represented, is to be deemed the stockholder, as respects such liability.

" § 2. This act shall take effect and be in force upon the approval and ratification by the people of an amendment to section three of article twelve of the constitution of this state submitted by the forty-second session of the legislature to the people; and if such amendment so submitted shall not be so approved and ratified, this act shall thereafter be void."

On November 4, 1930, the above provision of the Constitution was repealed and on August 14, 1931, section 322 of the Civil Code (St. 1931, p. 444) was likewise repealed with a saving clause as to liabilities existing at the time of repeal.

There has been a default in payment of interest under the bonds, among other defaults, and as a result this action has been brought by the owner of the bonds against defendants who are residents of this State.

Numerous questions have been raised by defendants and these will be separately considered.

1. The defendants claim that full liability of stockholders of a corporation is contrary to our public policy. While the California stockholders' liability is more drastic than a stockholder's liability imposed by the laws of this State, it is less onerous than the liability of partners to creditors. To enforce the liability of partners on one hand, and to declare a similar but less drastic liability of stockholders against public policy on the other, on any equitable or moral grounds would hardly be consistent. But, on principle and authority, this contention cannot be sustained, as it has been settled to the contrary by the courts of this State. (*Pacific Guano & Fertilizer Co.* v. *Opolinsky*, 135 Misc. 265; affd., 228 App. Div. 769; *Loucks* v. *Standard Oil Co. of New York*, 224 N. Y. 99; *Coombes* v. *Getz*, 285 U. S. 434; 52 S. Ct. 435; 76 L. Ed. 866; *Matter of Cohen*, 149 Misc. 765, and cases there cited and discussed.)

2. It is claimed that this action is barred by the Statute of Limitation. Section 359 of the Code of Civil Procedure of the State of California provides that actions to enforce a stockholder's liability must be brought within three years after the liability is created. The times of service of the defendants were as follows:

Richard P. White, Jr.............................. Oct. 1, 1932
Adele L. Willard................................. Oct. 5, 1932
Elsie E. Middendorff............................. Oct. 3, 1932
Alice W. Joslyn.................................. Oct. 4, 1932
Carrie W. Phillips............................... Oct. 4, 1932
Douglas W. Joslyn............................... Oct. 6, 1932
John Doane..................................... Oct. 5, 1932

When was the liability of defendants created?

Under the California law a stockholder is declared to be liable for the debts and liabilities of the corporation contracted or incurred. His liability, therefore, commenced immediately upon the contracting of the debt or the incurring of the liability of the corporation. (*Coulter Dry Goods Co.* v. *Wentworth*, 171 Cal. 500; 153 P. 939; *Dolbear* v. *Foreign Mines Development Co.*, [C. C. A.] 196 F. 646.)

In the case at bar the stockholders are sought to be held liable upon the debt of the corporation arising out of an issue of its bonds. When did this debt arise?

Until the bonds were actually issued there was no liability upon them. The liability on the underwriting agreement is immaterial; that agreement is not in question. It was fully performed.

The only evidence of the time of the issuing of the bonds was supplied by the witness Ingold. He stated that they were not issued at the time of the first payment under the underwriting agreement October 1, 1929, but at a later time — when he did not state.

As the burden of proof of this defense is upon the defendants, and they have failed to supply any evidence which will sustain a definite finding as to the time of issuing the bonds in October, 1929, the defense must fail. (*Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90.)

3. It is claimed that the repeal of the constitutional provision in November, 1930, and of the Civil Code in August, 1931, relating to stockholders' liability, put an end to the liability of defendants. This has been held to the contrary. (*Coombes* v. *Getz*, 285 U. S. 434; 52 S. Ct. 435; 76 L. Ed. 866; *Waring* v. *Pitcher*, 135 Cal. App. 493; 27 P. [2d] 397.)

4. Finally, the defendants assert that the bonds and the trust indenture under which they were issued require legal proceedings by the trustee under the indenture, unless certain conditions were complied with, and, also, that, in any event, there must be, in this State, the familiar representative action in behalf of all the bondholders.

In the first place, article 6, section 5, of the indenture, when read in connection with the whole article, requires action by the trustee in proceedings upon the bonds against the corporation itself; it does not apply to actions against stockholders.

Under the statute the stockholders' liability is several as well as joint, and may be enforced by any appropriate common-law action to collect a debt. No special action or proceeding is prescribed by the statute, but the parties are left to their common-law remedies. (*Dolbear* v. *Foreign Mines Development Co.*, [C. C. A.] 196 F. 646; *Coulter Dry Goods Co.* v. *Wentworth*, 171 Cal. 500; 153 P. 939.) A representative action is not appropriate in this case. (*Atkins* v. *Trowbridge*, 162 App. Div. 629, 636.)

One of the defendants was an infant when the stock was purchased, and she disaffirmed liability when she arrived at her majority.

Section 322 of the Civil Code of California indicates that infants are at liberty to assert their disability in the making of contracts in so far as stockholders' liability is concerned. The complaint is dismissed as to this defendant.

Findings of fact and conclusions of law may be presented awarding judgment in appropriate amounts against the other defendants, with costs.

The court suggests that a copy of the findings of fact and conclusions of law as proposed by plaintiff be served upon the attorneys for the defendants on or before December eleventh; that requests to find proposed in behalf of the defendants be served upon the attorneys for the plaintiff on or before December eleventh; that the attorneys meet at Supreme Court Chambers in Albany on Saturday, December fourteenth, at ten A. M. when the findings proposed in behalf of the respective parties will be considered, and the court in the meantime will retain the record, exhibits, pleadings and briefs for delivery to the respective parties at the time of the settlement of the findings.