EVA JACQUES, Appellant, v. ROY JACQUES, Respondent.— Motion for reargument denied, on the ground that the matter is now pending in the Court of Appeals. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

GLADYS M. CONDE, Appellant, and DONALD Z. WILLIAMS, Plaintiff, v. NEILE F. TOWNER, Individually and as Receiver for United Traction Company and Capitol District Transportation Company, and FRANK W. DINGLEY, Individually and as Treasurer for United Traction Company and Capitol District Transportation Company, Respondents.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

LOS ANGELES INVESTMENT SECURITIES CORPORATION, Appellant, v. ALICE WHITE JOSLYN, DOUGLAS WHITE JOSLYN, ELSIE E. MIDDENDORFF, CARRIE W. PHILIPS, RICHARD P. WHITE, JR., ADELE LOUISE WILLARD and JOHN DOANE, Impleaded with Others, Respondents.— Motion to resettle earlier decision [ante, p. 762; Id. p. 821; Id. p. 828] granted, by certifying the following question:

" Did the judgment herein entered in Albany county clerk's office December 20th, 1935 (158 Misc. 164), the affirmance thereof by this court's judgment entered in said clerk's office April 29, 1938 (254 App. Div. 711), the affirmance of this court's judgment by the Court of Appeals on January 4, 1939 (279 N. Y. 734), and denial by the Court of Appeals on February 28, 1939, of the motion for reargument of the appeal thereto (280 N. Y. 570) preclude the Special Term from granting the order herein entered in Albany county clerk's office April 12th, 1939? "

Crapser, Bliss, Heffernan and Foster, JJ., concur; Hill, P. J., dissents. Although it is not too clear I will agree that under the decision of the Court of Appeals in connection with the motion to dismiss the appeal herein we should certify a question. [See 282 N. Y. 592.] The question certified was proposed by the appellant, and an answer thereto will not determine the question involved in the litigation. We decided (ante, p. 762) that the Special Term was in error in determining a question of fact, not that it was precluded from considering and acting upon a motion for a new trial. On the argument in this court (ante, p. 762) it was not asserted that the Special Term order was not appealable.