LOS ANGELES INVESTMENT SECURITIES CORPORATION, Respondent, v. ALICE W. JOSLYN et al., Appellants, Impleaded with Others.

Argued February 29, 1940; decided April 16, 1940.

*Robert E. Whalen* and *Frederic R. Sanborn* for appellants. The order of reversal is reviewable. (*Gould* v. *Equitable Assur. Soc.*, 231 N. Y. 208; *Matter of Smidt* v. *McKee*, 262 N. Y. 373; *People ex rel. Higley* v. *Millspaw*, 281 N. Y. 441; *Matter of Davies*, 168 N. Y. 89; *Matter of People* [*City Eq. Fire Ins. Co.*], 238 N. Y. 147; *Drake* v. *Herrman*, 261 N. Y. 414; *Matter of Edge Ho Holding Corp.*, 256 N. Y. 374; *Bovin* v. *Galitzka*, 249 N. Y. 512; *Gunder* v. *164 East 72nd St. Corp.*, 266 N. Y. 382.) The two decisions of the Supreme Court of California, being the law of another jurisdiction, constituted a fact to be alleged and proved by way of defense. (*Genet* v. *Delaware & Hudson Canal Co.*, 163 N. Y. 173; *Southworth* v. *Morgan*, 205 N. Y. 293; *Muck* v. *Hitchcock*, 212 N. Y. 283; *Fitzpatrick* v. *International Ry. Co.*, 252 N. Y. 127; *Apfelberg* v. *Lax*, 255 N. Y. 377; *Fleming* v. *Fleming*, 264 U. S. 29; *Martin* v. *Home Bank*, 160 N. Y. 190; *Kennedy Corp.* v. *Kennedy*, 165 N. Y. 353; *Stilwell* v. *Carpenter*, 62 N. Y. 639; *Day* v. *Town of New Lots*, 107 N. Y. 148; *Dunham* v. *Townshend*, 118 N. Y. 281; *People ex rel. Warschauer* v. *Dalton*, 159 N. Y. 235; *Cherwien* v. *Geiter*, 272 N. Y. 165.) It was well within the discretion of the Special Term to grant defendants' motion for a new trial. (*United States* v. *Morgan*, 307 U. S. 183; *Matter of Superintendent of Banks*, 207 N. Y. 11; *Halfmoon Bridge Co.* v. *Canal Board*, 213 N. Y. 160; *Rudiger* v. *Coleman*, 228 N. Y. 225.)

*Frank L. Wiswall* and *Carl O. Olson* for respondent. The Court of Appeals has no jurisdiction to review the determination of the Appellate Division. (*Donnelly* v. *McArdle*, 14 App. Div. 217; *Croner* v. *Farmers Fire Ins. Co.*, 18 App. Div. 263; *Ellis* v. *Hearn*, 132 App. Div. 207; *Archer* v. *Archer*, 171 App. Div. 549; *Mills* v. *Nedza*, 222 App. Div. 615; *Vanderbilt* v. *Schreyer*, 81 N. Y. 646; *Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 632; *Collins* v. *Central Trust Co. of Rochester*, 226 App. Div. 486; Carmody's New York Practice, vol. 6, § 790; Cohen on Powers of the New York Court of Appeals, p. 364; *Chernuchin* v. *Barkin, Inc.*, 243

N. Y. 602; *Gaines* v. *Fidelity & Casualty Co.*, 188 N. Y. 411; *Schieffelin* v. *Hylan*, 229 N. Y. 633; *Bowlby* v. *McQuail*, 240 N. Y. 683; *Bini* v. *Smith*, 161 N. Y. 120; *Spies* v. *Lockwood*, 165 N. Y. 481.) A determination of the question certified will not be decisive of the correctness of the order appealed from. (*Gray* v. *Vought*, 243 N. Y. 585; *Greenhouse* v. *Rochester Taxicab Co.*, 244 N. Y. 559; *Bowlby* v. *McQuail*, 240 N. Y. 684; *Public Nat. Bank* v. *National City Bank*, 261 N. Y. 316; *Schenck* v. *Barnes*, 156 N. Y. 316.) The motion should have been dismissed. (Civ. Prac. Act, § 391; *People ex rel. Higley* v. *Millspaw*, 281 N. Y. 441.)

LEWIS, J. The plaintiff is the owner and holder of bonds issued by a California corporation of which the defendants are stockholders. By the present action the plaintiff would enforce against each defendant a proportionate stockholder's liability based upon provisions formerly existing in the Constitution and Civil Code of California. Under such provisions of law it is claimed that each defendant herein is individually and personally liable as a stockholder for such proportion of the corporation's debts and liabilities, contracted or incurred during the time the defendant was a stockholder, as the amount of stock or shares owned by him bears to the corporation's entire outstanding capital stock.

Upon the trial of issues framed by the pleadings the plaintiff had judgment against the several defendants (158 Misc. Rep. 164) which was thereafter affirmed by the Appellate Division by a divided court (254 App. Div. 711–712) and thereafter by the Court of Appeals (279 N. Y. 734).

Meantime, on February 26, 1937 — more than fourteen months after the entry of judgment herein — the Supreme Court of California announced its decision in two cases in which the ruling is said to have been made that, despite the former provisions of the Constitution and Civil Code of California, the holder of a corporate bond could not maintain an action based upon such bond against stockholders of the issuing corporation without first complying with a condition of the trust indenture that the bondholder must make written

request to the trustee to sue and give the trustee a reasonable opportunity to comply therewith.

Following affirmance by the Appellate Division and the Court of Appeals of the judgment entered in favor of the plaintiff and against the defendants, Special Term granted a motion by the defendants for an order vacating that judgment, permitting the defendants to serve a supplemental answer and granting a new trial herein upon the ground of newly-discovered evidence. Thereafter the order of Special Term was reversed by the Appellate Division on the law and the facts. Upon a motion for leave to appeal to this court the Appellate Division has certified that the following question of law is involved which ought to be reviewed by the Court of Appeals: " Did the judgment herein entered in Albany County Clerk's office December 20th, 1935 (158 Misc. 164), the affirmance thereof by this Court's judgment entered in said Clerk's office April 29, 1938 (254 App. Div. 711), the affirmance of this court's judgment by the Court of Appeals on January 4, 1939 (279 N. Y. 734) and denial by the Court of Appeals on February 28, 1939, of the motion for reargument of the appeal thereto (280 N. Y. 570) preclude the Special Term from granting the order herein entered in Albany County Clerk's office April 12th, 1939?"

The newly-discovered evidence, which affords the basis of the Special Term order for a new trial, comprises the two decisions mentioned above rendered by the Supreme Court of California. These decisions were not announced until after the trial herein and the entry of judgment, but more than a year before the argument of the appeal in the Appellate Division. It also appears from affidavits before us in the present record that upon the argument of the appeal in this court attention was directed by counsel to the two decisions by the California Supreme Court. In the circumstances this court had the right to consider these decisions despite the fact that they were not introduced in evidence upon the trial. (Civil Practice Act, § 391 [L. 1933, ch. 690].)

An order granting or denying a motion for a new trial upon newly-discovered evidence is a discretionary order and accordingly is not reviewable by this court. (*Chernuchin* v. *Barkin, Inc.*, 243 N. Y. 602; *Gaines* v. *Fidelity & Casualty Co.*, 188 N. Y. 411, 415. See, also, Cohen on Powers of New York Court of Appeals, p. 364; Carmody's New York Practice, vol. 6, § 790, p. 670.)

Furthermore, the record before us makes it clear that an answer to the question certified by the Appellate Division would not determine the correctness of the order sought to be reviewed. (*Public Nat. Bank* v. *National City Bank*, 261 N. Y. 316, 322, 323; *Gray* v. *Vought & Co.*, 243 N. Y. 585; *Bowlby* v. *McQuail*, 240 N. Y. 684, 687.)

The appeal should be dismissed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and CONWAY, JJ., concur.

Appeal dismissed.