THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORTHCHESTER CORPORATION, Respondent, *v.* WILLIAM STANLEY MILLER, President, and Others, as Members of the Tax Commission of the City of New York, Appellants.

First Department, December 19, 1941.

*James W. West, Jr.,* of counsel [*Arthur H. Goldberg* and *Hyman W. Kehl* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the appellants.

No appearance for the respondent.

*Thomas E. Huser,* as *amicus curiæ.*

GLENNON, J. The relator submitted a petition dated October 14, 1940, for a writ of certiorari to review certain tax assessments on its property at 205 East Fortieth street in the borough of Manhattan for the fiscal year commencing July 1, 1940, and ending June 30, 1941. An order was entered on October 16, 1940, directing that a writ be issued and made returnable at Special Term, Part III, on December 2, 1940. Further it was directed that the writ was to be served upon the defendants as members of the tax commission at least twenty days before the return date of the writ. The relator, apparently through an oversight, failed to serve the writ within the twenty-day period. The relator then by notice of motion made the present application at Special Term under date of November 23, 1940, for an order directing the issuance of a new writ and advancing the return day of it. Under date of January 16, 1941, the order appealed from was entered.

It is the contention of the defendants that because of the relator's failure to serve upon them either a notice of its application for a writ or the writ of certiorari before October 25, 1940, the proceeding must be dismissed, since, it is argued, the court did not have jurisdiction to enter the present order *nunc pro tunc*. With that contention we do not agree. Jurisdiction was acquired when the original petition for the writ was presented and the order entered. Section 166 of chapter 7 of the New York City Charter reads as follows:

" Certiorari to review final determination of the tax commission.

" § 166. A certiorari to review or correct on the merits any final determination of the tax commission may be had as provided by law, and if brought to review a determination mentioned in section one hundred sixty-five must be begun before the twenty-fifth day of October following the time when the determination sought to be reviewed or corrected was made."

The proceeding to review the determination was begun, as we have seen, prior to the " twenty-fifth day of October," 1940.

In *Bates Mfg. Co.* v. *United States* (303 U. S. 567), in construing the meaning of the word " begun " as used in the Revenue Act of 1926, the United States Supreme Court said in part: "As used in this statute the word ' begun ' should be given its ordinary and accustomed meaning. To begin is to start; to institute; to initiate; to commence."

Section 291 of article 13 of the New York State Tax Law, in referring to the allowance of the writ of certiorari, reads in part as follows:

"Allowance of writ of certiorari.

" Such petition must be presented to a justice of the Supreme Court or at a Special Term of the Supreme Court in the judicial district in which the assessment complained of was made, within thirty days after the final completion and filing of the assessment-roll. Upon the presentation of such petition, the justice or court may allow a writ of certiorari to the officers making the assessment, to review such assessment, and shall prescribe therein the time within which a return thereto must be made and served upon the relator's attorney, which shall not be less than ten days, and may be extended by the court or a justice thereof. * * *."

Since this proceeding was " begun before the twenty-fifth day of October," 1940, the court acquired jurisdiction over the defendants. As a consequence, it had the power to relieve the relator of its failure to comply with the terms of the original order bearing date October 16, 1940, and enter the order now under review.

For the reasons assigned, the order should be affirmed, without costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Order unanimously affirmed, without costs.