FRANCES ARNOLD, as Administratrix of the Estate of JOHN ARNOLD, Deceased, Respondent, *v.* MAYAL REALTY COMPANY, INC., et al., Defendants, and JOHN J. MEENAN, INC., Appellant.

First Department, June 7, 1948.

*Joseph Kane* for appellant appearing specially.

*Andrew M. Lawler* for respondent.

Peck, P. J.   In an action for damages for death of plaintiff's intestate, John Arnold, claimed to have been caused through defendants' negligence, plaintiff originally sued Mayal Realty Company, Inc., the owner, and Julius Weiss, the lessee, of the premises in which the accident causing death occurred, alleging that the building was a tenant factory building under the Labor Law.

Thereafter, exactly two years after the death of Arnold, plaintiff moved to bring in as an additional defendant, appellant John J. Meenan, Inc., as agent in charge of the premises in which the accident happened, under the provisions of the Labor Law relating to a tenant factory building.   From the order granting such motion the agent, appearing specially, appeals.

The issue is whether the action against appellant is barred by section 130 of the Decedent Estate Law, which specifically provides that such action must be commenced within two years after decedent's death.

From the record and a written stipulation of the parties before this court, correcting in part and supplementing the record, the operative dates are:

(1)  January 22, 1945, date of death of plaintiff's intestate;

(2)  January 22, 1947, date motion papers for leave to serve supplemental summons and amended complaint (with proposed supplemental summons and amended complaint annexed thereto) were served on appellant;

(3)  January 30, 1947, return day of the motion;

(4)  March 17, 1947, date of order appealed from granting plaintiff's motion and directing that supplemental summons and amended complaint " in the form as annexed to the motion papers may be issued and be served on said John J. Meenan, Inc., and on all the defendants herein."

(5)  May 19, 1947, date of service of such supplemental summons and amended complaint on appellant pursuant to said order.

The motion herein was made on the last day possible for commencement of the action under the two-year Statute of

Limitations. As the proposed supplemental summons and amended complaint were annexed to the motion papers served that day on the appellant, the question is whether the date of the commencement of the action, for the purpose of determining the applicability of the Statute of Limitations, is the date on which the motion papers were served or the date on which the supplemental summons and amended complaint were served pursuant to the order of the court entered on the motion.

Section 16 of the Civil Practice Act provides that an action is commenced within the meaning of any provision of the act which limits the time for commencing an action when the summons is served. The summons and amended complaint were served twice here, once with the motion papers and again pursuant to the order. It can well be argued that the " service " of the summons and complaint was the latter service and that the former service was only of the motion papers and not of the summons and complaint as such. We may assume that for routine purposes, such as fixing the time in which the defendant must appear or answer, this is so. For the purpose of applying the Statute of Limitations, however, a liberal construction must be given to section 16 of the Civil Practice Act (*Prudential Insurance Co.* v. *Stone,* 270 N. Y. 154, 159).

The policy of liberal construction is illustrated by the case of *Schram* v. *Keane* (279 N. Y. 227) where the court held that an action was " commenced " and the statute ceased to run when a warrant of attachment was issued, although service of the summons would not come until afterward. Also, as stated by the Supreme Court in *New York Central & Hudson River Railroad Co.* v. *Kinney* (260 U. S. 340, 346) when a defendant has " notice " that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the Statute of Limitations do not exist and a liberal rule should be applied. The defendant had such notice here when the motion papers, with the accompanying summons and complaint, were served.

We are of the opinion that for the purpose of determining the applicability of the Statute of Limitations, the action should be considered as commenced when the motion papers were served. The order appealed from should be affirmed, with $20 costs and disbursements.

Dore, J. (dissenting). The facts are accurately stated in the prevailing opinion and need not be repeated.

The rule formerly was that a motion was " made ", not when the notice of motion was served, but on the return date in court

(*Low* v. *Bankers Trust Company,* 265 N. Y. 264; *Watkins* v. *Pacific Finance Co.,* 259 App. Div. 685). But in 1941, section 113 of the Civil Practice Act was amended (L. 1941, ch. 266) so as to add the following sentence: " A motion is made when a notice thereof or an order to show cause is duly served."

The motion herein was made January 22, 1947, on the last day of the two-year Statute of Limitations. As the proposed supplemental summons and amended complaint were annexed to the motion papers served that day on the corporate appellant, the narrow issue is whether such service was timely.

Section 16 of the Civil Practice Act provides: " An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him."

While the limitation here in issue is not in the Civil Practice Act but in the Decedent Estate Law, the legislative definition of the time of commencement of the action controls.

Service of the original summons on the owner was not service on the agent on the theory that under section 16 of the Civil Practice Act the owner and the agent were " united in interest ". It is only when the interest of the parties in the subject matter is such that they stand or fall together so that judgment against one will similarly affect the other, that they are " otherwise united in interest " under the statute (*Prudential Insurance Co.* v. *Stone,* 270 N. Y. 154, 159) ; e.g., as in the *Prudential* case, an insured and a beneficiary under a policy of insurance where the issue was to rescind on the ground of misrepresentation by the insured. Judgment against the owner in this action would not affect the agent, not a party defendant.

Article 25 of the Civil Practice Act, headed " Summons " provides, so far as relevant:

" § 218. *Summons generally.* A civil action is commenced by the service of a summons, which is a mandate of the court. * * *

" § 219. *Supplemental summons.* Where the court directs a new defendant to be brought in and the order is not made upon his own application, a supplemental summons directed to him must be issued."

Rule 45 of the Rules of Civil Practice on " *Requisites of summons* " provides so far as relevant: " The summons must state * * * the names of the parties, * * *."

When the motion papers were served on John J. Meenan, Inc., neither the proposed supplemental summons nor the proposed amended complaint annexed thereto contained that name in the caption.

The statute as to when an action is deemed to be commenced should be liberally construed (see *Prudential Insurance Co.* v. *Stone, supra; New York Central & Hudson River Railroad Co.* v. *Kinney,* 260 U. S. 340; *Van der Stegen* v. *Neuss, Hesslein & Co., Inc.,* 243 App. Div. 122, 130, affd. 270 N. Y. 55). Nevertheless, considering the provisions of relevant statutes, their intent, and the consequences following from a different ruling, on this record, including the additional stipulated facts, I consider that service of the notice of motion with the proposed summons and amended complaint annexed was not intended to be and actually was not service on defendant-appellant of the supplemental summons as the mandate of the court.

When a defendant has been summoned to answer, prosecution of an action by one party against another begins. In *People ex rel. Northchester Corporation* v. *Miller* (288 N. Y. 163) the issue was whether a proceeding to review a tax assessment was " begun " within the limitation fixed by section 166 of the New York City Charter. Before the end of the period fixed by statute to commence certiorari, the aggrieved taxpayer had obtained a court order directing that a writ should issue and fixing the time within which service should be made but the writ was not issued and served prior to the final statutory date. Special Term held that it could afford relief *nunc pro tunc* and this court affirmed on the ground that the failure to serve the writ was an irregularity that could be cured (263 App. Div. 83). The Court of Appeals, however, reversed and held (p. 169): " The default by the taxpayer, who inadvertently failed to cause the writ to be issued and served prior to the statutory date, was not an irregularity for which Special Term could afford relief. ' The rules and practice of the court being established by the court, may be made to yield to circumstances, to promote the ends of justice. Not so as to a statute; it is unbending, requiring implicit obedience as well from the court as from its suitors.' (*Jackson* v. *Wiseburn,* 5 Wend. 136, 137; *Wait* v. *Van Allen,* 22 N. Y. 319, 321.) The default was jurisdictional."

In *Schram* v. *Keane* (279 N. Y. 227, 235) a warrant of attachment was issued within the period of limitation and the sheriff attached the defendant's property; the court held that when the warrant issued the action was provisionally " commenced ", and the statute ceased to run when the court assumed jurisdic-

tion to grant the provisional remedy if thereafter the jurisdiction provisionally assumed became complete by service of the summons. That case is not controlling on the facts before us. Seizure of the defendant's property by the sheriff under a warrant of attachment is commencement of an action against such defendant; ordinarily such seizure follows only *after* judgment. That is quite a different thing from merely asking the court leave to issue and serve a supplemental summons against an additional defendant.

By merely annexing a " proposed " supplemental summons and amended complaint to motion papers asking the court's leave to issue and serve such papers on the additional party and also on the parties originally impleaded, plaintiff did not on January 22, 1947, summon the new defendant to answer or commence the action against it. If so, such defendant's time to answer would have expired within twenty days and plaintiff could thereafter enter judgment by default against the additional defendant for failure to answer; whereas the motion for leave to issue the supplemental summons and serve the amended complaint was not granted until long after such twenty days, and the supplemental summons and complaint were not served with the new defendant's name added to the caption until months after its time to answer on that hypothesis would have expired. This difficulty is not met by characterizing the statutory time to answer as " routine " and making an undefined distinction between that statute and the Statute of Limitations. Either the summons and complaint were served on January 22d or they were not. If by what is called a " liberal " construction, the summons and complaint were served as the mandate of the court on January 22, 1947, the action was begun on that date and the time for the defendant to answer necessarily ran from that date as the date of the inception of the action for the purpose of both statutes. Any other construction appears to be illogical and unreasonable and introduces confusion and inconsistency into the law.

The additional papers were annexed to the notice of motion not as a mandate of the court to summon the new defendant to answer, but only to obtain permission to issue a supplemental summons and to inform the court and all parties of the nature of the proposed amended complaint which had to be served not only on the new and additional defendant, but also on the original defendants long after plaintiff's right to amend as of course as to the latter had expired.

A suit is begun as to new parties sought to be brought in by amendment only when such parties are served with the amended process as the mandate of the court; and if between the time of commencement of the original suit and the time when the new parties are brought in, the period of limitation has expired, the new parties may plead the statute in bar, although such defense may not be available to the original defendants (*Gray* v. *Vought & Co.*, 216 App. Div. 230, appeal dismissed 243 N. Y. 585).

On January 22, 1947, the last day on which this additional defendant could be brought in within the two-year Statute of Limitations, plaintiff did not serve but merely *asked leave to issue* and serve a supplemental summons and amended complaint upon appellant. The order granting the motion was not made until March 17, 1947. The supplemental summons and complaint were not actually served as the mandate of the court until May 19, 1947 pursuant to the order granting leave so to do, long after the two-year statute had expired.

The action against the additional defendant is barred by service of process more than two years after the date of death.

The considerations leading to this conclusion are reinforced by the circumstance that it was not legally necessary to have served the motion papers, including the proposed supplemental summons and amended complaint, upon the new party to be joined as a defendant (*Schultze* v. *Ocean Accident & Guarantee Corp.*, 239 App. Div. 309). The service on the new proposed party of the proposed supplemental summons and amended complaint as part of the motion papers was thus an act of grace, not required by law, and was clearly not done as the *formal* service of process instituting an action against the new proposed party.

Accordingly we dissent and vote to reverse the order appealed from and deny the motion.

GLENNON and SHIENTAG, JJ., concur with PECK, P. J.; DORE, J., dissents in opinion in which VAN VOORHIS, J., concurs.

Order affirmed, with $20 costs and disbursements. Settle order on notice. [See *post*, p. 877.]