CITY BANK FARMERS TRUST COMPANY, as Administrator with the Will Annexed of LEONARD LEWISOHN, Deceased, Appellant, *v.* SAMUEL COHEN, Respondent, et al., Defendants.

Argued January 3, 1950; decided March 2, 1950.

*Charles Angulo* and *George S. Mittendorf* for appellant. I. The typographical error in defendant's address was not a jurisdictional defect but an irregularity. (*Fox* v. *McGrath,* 152 F. 2d 616; *Shaw* v. *Coleman,* 22 Jones & Sp. 3; *Goldreyer* v. *Foley,* 154 App. Div. 584; *Pinckney* v. *Hegeman,* 4 Lans. 374, 53 N. Y. 31; *Tweedy* v. *United Life Ins. Assn.,* 24 N. Y. Civ. Pro. Rep. 259; *Szirtes* v. *Bly,* 185 App. Div. 274; *Dennin* v. *Duffy,* 83 Misc. 523; *Valz* v. *Sheepshead Bay Bungalow Corp.,* 249 N. Y. 122.) II. Under section 105 of the Civil Practice Act the court had power to disregard or cure said irregularity and should have done so. (*People* v. *New York Central R. R. Co.,* 29 N. Y. 418; *Jamaica Sav. Bank* v. *Risian Realty Corp.,* 165 Misc. 372; *Berkman* v. *Silverstein,* 245 App. Div. 891.) III. Even apart from section 105 plaintiff's motion under section 1083 had sufficient legal consequence to avoid the bar of the time limitation. (*Gaines* v. *City of New York,* 215 N. Y. 533; *Tompkins County Trust Co.* v. *Herrick,* 171 Misc. 929.)

*Irving E. Meller, Charles J. Coleman* and *Arthur B. Colwin* for respondent. I. A valid motion for a deficiency judgment was never made and it, therefore, may not be validated *nunc pro tunc.* (*Matter of Gallagher* v. *Cohen,* 180 Misc. 1030; *Matter of Constantino,* 286 N. Y. 681; *Matter of Tombini,* 177 Misc. 148, 262 App. Div. 956; *Municipal Mtge. Co.* v. *Syndic Realty Co.,* 162 Misc. 891; *Bushwick Sav. Bank* v. *Sohmer,* 176 Misc. 617; *Lapson* v. *805 Ave. C Corp.,* 267 App. Div. 919; *People ex rel. Northchester Corp.* v. *Miller,* 288 N. Y. 163; *Arnold* v. *Mayal Realty Co.,* 299 N. Y. 57; *Nemeroff* v. *National City Bank,* 262 App. Div. 145.) II. The order to show cause

dated December 11, 1945, may not be amended *nunc pro tunc* to supply a jurisdictional defect by authorizing something to be done which was not in fact done. (*Mohrmann* v. *Kob*, 291 N. Y. 181; *Merrick* v. *Merrick*, 266 N. Y. 120; *Matter of Dorfman* v. *Jacobs*, 100 Misc. 592; *Palmer* v. *Rotary Realty Co.*, 233 App. Div. 764; *Silverman* v. *Silverman*, 261 App. Div. 1106.) III. Appellant's application for a new order was properly denied. (*Erickson* v. *Macy*, 236 N. Y. 412.) IV. Appellant's application by order to show cause dated May 14, 1947, to resettle or modify the order of April 10, 1947, or for a new order, was properly denied. (*German-American Bank* v. *Dorthy*, 39 App. Div. 166; *Ruland* v. *Tuthill*, 187 App. Div. 314; *Pringle* v. *Edenwald Realty Corp.*, 175 Misc. 137, 261 App. Div. 803.)

LEWIS, J. In this action to foreclose a mortgage on real property the defendant-respondent Cohen, as mortgagor, was personally served with a summons and the amended complaint but failed to appear or answer. In due course a judgment of foreclosure and sale was entered which contained the usual directives and included the provision that, in the event proceeds of the sale of the mortgaged property were insufficient to make the payments thereby decreed, the referee appointed to conduct the sale should specify the amount of the deficiency in his report " * * * without prejudice to any rights of the plaintiff to apply *according to law* for a deficiency judgment against the defendants Samuel Cohen * * *." (Emphasis supplied.)

It is the manner in which that right was exercised which gave rise to the controversy now before us and requires, in the interest of clarity, a statement of procedural steps which have brought the case ultimately to this court.

When avails from the sale of the mortgaged premises failed by a substantial sum to pay the mortgage debt and the costs of foreclosure the plaintiff endeavored to take advantage of statutory procedure designed, under prescribed conditions, to aid a mortgagee to recoup such a deficiency. Pursuant to such procedure prescribed in section 1083 of the Civil Practice Act, the plaintiff applied for and secured at Special Term an order dated December 11, 1945, directing the defendant Cohen as mortgagor to show cause why leave should not be granted to

the plaintiff to enter a deficiency judgment. Although the purpose of that order was to give the mortgagor notice of such application, the order itself as issued directed service thereof upon the mortgagor by mail *at an erroneous address* — an address at which the mortgagor had never resided nor had he ever had a place of business there. Upon the return of the order to show cause — which, it is conceded, the mortgagor did not receive — there was no appearance by the mortgagor. By reason of that circumstance and before discovery of the error in misstating the mortgagor's address, the mortgagee caused a deficiency judgment in this action to be entered against the mortgagor.

It is not disputed that the mortgagor had no notice or knowledge of the entry against him of the deficiency judgment mentioned above until more than a year later when there came to his attention certain process in a proceeding supplementary to judgment in which he was named as the judgment debtor. Thereupon the mortgagor secured at Special Term an order directing the mortgagee to show cause why an order should not be made vacating the deficiency judgment upon the ground that such judgment was invalid by reason of the fact that the order to show cause upon which it was based had not provided for service thereof upon him by mail or otherwise at either his residence or business address and that he had not been served with notice of the mortgagee's motion for leave to enter a deficiency judgment. (Civ. Prac. Act, § 1083.)

The mortgagor's motion for vacatur was met at Special Term by a cross motion by the mortgagee, pursuant to sections 105 and 109 of the Civil Practice Act, for an order amending *nunc pro tunc* the show cause order issued in connection with the application by the mortgagee for leave to enter a deficiency judgment against the mortgagor, such amendment to direct service by mail on or before a date to be specified and changing the return date of such order to show cause to a date to be fixed by the court.

By a single order dated April 10, 1947, Special Term granted the motion by the defendant mortgagor for an order vacating the deficiency judgment entered against him and denied the motion by the plaintiff mortgagee for an order amending *nunc pro tunc* the order to show cause upon which was based the

plaintiff's application for a deficiency judgment against the defendant.

Thereafter — upon the return of an order to show cause and by an order dated May 23, 1947 — Special Term denied an application by the plaintiff mortgagee for an order resettling or modifying the order dated April 10, 1947, or in the alternative for a new order, to provide that the motion originally made by the mortgagee for leave to enter a deficiency judgment herein be set down for a hearing.

At the Appellate Division the Special Term order of April 10, 1947, granting the defendant's motion to vacate the deficiency judgment and denying plaintiff's motion to amend *nunc pro tunc* the order to show cause upon which was based the plaintiff's application for a deficiency judgment against the defendant, was unanimously affirmed, and thereafter leave to appeal to this court was granted on the following questions certified for our review:

" 1. The plaintiff's application for leave to enter a deficiency judgment herein against the defendant, Samuel Cohen, having been made in good faith within the time limited by Section 1083 of the Civil Practice Act, did the proceeding under said section become a nullity merely because the order directing service on said defendant by mail of the notice of said application, contained, in consequence of a typographical error, an erroneous address of the said defendant?

" 2. Was the said error in defendant's address a jurisdictional defect which the Court was powerless to cure?

" 3. Was the said error in defendant's address an irregularity which the Court had power to correct under Section 105 of the Civil Practice Act?

" 4. Upon the record herein should the court after vacating the deficiency judgment herein have heard on the merits said application of the plaintiff under Section 1083 of the Civil Practice Act? "

The Appellate Division also affirmed (two Justices dissenting) the Special Term order dated May 23, 1947.

The case comes to us upon two appeals by the plaintiff: (1) an appeal, by leave of the Appellate Division, from an order of that court unanimously affirming the Special Term order of April 10, 1947; (2) an appeal, taken as of right, from the non-

unanimous order of the Appellate Division affirming the Special Term order of May 23, 1947.

It is statutory law that — " A motion is made when a notice thereof or an order to show cause is duly served." (Civ. Prac. Act, § 113.) There is also statutory law which defines those conditions under which a court may grant to a plaintiff mortgagee in a foreclosure action leave to enter a deficiency judgment against a mortgagor: " * * * Simultaneously with the making of a motion for an order confirming the sale *provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser* * * * the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment *upon notice to the party against whom such judgment is sought* * * *. Such notice shall be served personally or in such other manner as the court may direct. * * * *If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.*" (Civ. Prac. Act, § 1083. Emphasis supplied.)

The record which this appeal brings before us makes clear the fact that the order to show cause issued by Special Term on December 11, 1945 — designed, as it was, to give to the defendant mortgagor notice of a motion to be made by the plaintiff mortgagee for leave to enter a deficiency judgment against him — was never served upon that defendant. It thus appears that the plaintiff, in its effort to secure leave to enter a deficiency judgment in this action, had failed to comply with the italicized portions of the statute last quoted in part above.

In those circumstances the questions certified by the Appellate Division would not determine the correctness of the order of that court, unanimously affirming the Special Term order of April 10, 1947. " We do not consider an appeal, upon questions certified to us by the Appellate Division, unless the answers to such questions will be decisive of the correctness of the order or judgment appealed from." (*Public Nat. Bank* v. *National City Bank,* 261 N. Y. 316, 322; see, also, *Los Angeles Investment Securities Corp* v. *Joslyn,* 282 N. Y. 438, 441; *Gray* v. *Vought &*

*Co.,* 243 N. Y. 585, 586; *Bowlby* v. *McQuail,* 240 N. Y. 684, 687; *Schieffelin* v. *Hylan,* 229 N. Y. 633, 634.) The nonunanimous order of the Appellate Division, which affirmed the Special Term order of May 23, 1947, does not finally determine the action within the meaning of the Constitution. (See Civ. Prac. Act, § 589, subd. 3, cl. [b].)

Accordingly each appeal by the plaintiff should be dismissed, with costs. The questions certified are not answered.

FULD, J. (dissenting). Section 1083 of the Civil Practice Act — dealing with " a motion in the [foreclosure] action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought " — does not require that the notice be served personally. In so many words, the statute recites that it is to be served personally " or in such other manner as the court may direct."

In the present case, the motion was made, as required by the statute, within ninety days after the property was sold, and the notice was served, precisely as the court directed, by mailing it to the defendant mortgagor, Samuel Cohen, at " 805 East 161st Street, Bronx, New York, N. Y." It so happened that the street numerals were incorrect: the numbers had become transposed through an obviously inadvertent clerical error, for defendant's address was " 850 ", not " 805 ", East 161st Street. Defendant failed to receive notice.

By ruling that the questions certified to us in connection with the order of April 10, 1947, are not decisive and by dismissing the appeal from that order, the court is in effect holding that, by reason of the mistake, plaintiff forfeited all right to collect the deficiency judgment to which it claimed to be entitled. I cannot subscribe to that view.

The Supreme Court, wherein the foreclosure suit was brought, had conceded jurisdiction of the subject matter and acquired jurisdiction over the person of defendant mortgagor, for he was served personally with the summons and complaint in the action. Such jurisdiction it continued to possess throughout the pendency of that action, that is, until all of the motions and proceedings in the action were disposed of and concluded. The application for a deficiency judgment, section 1083 expressly announces, is " a motion in the action ", and, accordingly, it,

follows that the mortgagee's failure — under the facts of the present case — to bring home to defendant notice of the motion could not deprive the court of jurisdiction or of power to deal with the controversy. The conclusion impresses me all the more strongly since the statute was designed merely as a procedural step " to protect unfortunate mortgagors " against the uncontested entry of deficiency judgments for inordinate and inequitable amounts. (See *Heiman* v. *Bishop,* 272 N. Y. 83, 86.)

To say that the mistake in address was other than an irregularity susceptible of correction under section 105 of the Civil Practice Act, is to lose sight both of the purpose sought to be served by a section 1083 proceeding and of the realities of the situation. Beyond that, it penalizes, and, I venture, without rhyme or reason, the plaintiff mortgagee for a clerical error, inadvertently made. A result, more fair and reasonable, may be achieved within the framework and the spirit of section 1083, if we recognize that the Supreme Court is vested with the power — upon opening the default and vacating the deficiency judgment against defendant — to amend *nunc pro tunc* plaintiff's order to show cause and hear on the merits its motion under section 1083.

Accordingly, I would modify the order of the Appellate Division affirming Special Term's order dated April 10, 1947, by remitting the matter to the Appellate Division with directions that it consider on the merits the questions presented; certified questions Nos. 1 and 2 should be answered in the negative and questions Nos. 3 and 4, in the affirmative.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE and FROESSEL, JJ., concur with LEWIS, J.; FULD, J., dissents in part in opinion and votes to modify the order of April 10, 1947.

Appeals dismissed, etc.