ANNIE JAGMOHAN, Respondent, v CITY OF NEW YORK et al., Appellants. [788 NYS2d 165]—

In an action to recover damages for medical malpractice, the defendants appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (Steinhardt, J.), dated September 18, 2003, as granted the plaintiff's motion for leave to serve a late notice of claim, and (2) an order of the same court dated May 5, 2004, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated September 18, 2003, is dismissed, as that order was superseded by the order dated May 5, 2004, made upon reargument; and it is further,

Ordered that the order dated May 5, 2004, is reversed insofar as appealed from, on the law, upon reargument, the motion for leave to serve a late notice of claim is denied, and the order

dated September 18, 2003, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff failed to timely serve the defendants with her motion for leave to serve a late notice of claim, since she mailed the motion papers to the office of the Corporation Counsel at the wrong address (*see* CPLR 2103 [b] [2]; [f] [1]; *see generally City Bank Farmers Trust Co. v Cohen,* 300 NY 361 [1950]; *Lawrence v Ellis Agency,* 138 AD2d 980 [1988]). Moreover, the Corporation Counsel did not acquire actual notice of the motion until more than one year and 90 days after the cause of action accrued. Under these circumstances, the Supreme Court erred in granting the plaintiff leave to serve a late notice of claim, as it lacked the authority to do so (*see* General Municipal Law § 50-e [5]; *Pierson v City of New York,* 56 NY2d 950 [1982]; *Hochberg v City of New York,* 99 AD2d 1028 [1984], *affd* 63 NY2d 665 [1984]; *McSherry v Hawthorne School,* 246 AD2d 517 [1998]; *Bell v Town of Oyster Bay,* 233 AD2d 282 [1996]). Florio, J.P., Adams, Cozier and Mastro, JJ., concur.